**Harrell ALEXANDER, Sr., Plaintiff-Appellant,**

v.

**GARDNER–DENVER COMPANY, a Delaware Corporation, Defendant-Appellee.**

**No. 71–1548.**

United States Court of Appeals, Tenth Circuit.

Aug. 11, 1972.

Henry V. Ellwood, Denver, Colo., for plaintiff-appellant.

Robert G. Good, Denver, Colo., for defendant-appellee.

Before HILL and BARRETT, Circuit Judges, and LANGLEY, District Judge.

PER CURIAM.

This appeal is from the granting of defendant-appellee's motion for summary judgment, by the United States District Court for the District of Colorado, in a civil action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., alleging racially motivated discriminatory employment practices by Gardner-Denver Company. Three grounds were advanced by Gardner-Denver in support of its motion. The first two bases challenged the timeliness of plaintiff's filing suit, and the trial court's jurisdiction following a finding of the Equal Employment Opportunity Commission (EEOC) of no reasonable cause to believe that Gardner-Denver had engaged in unlawful employment practices. These were decided adversely to Gardner-Denver. The third proposition asserted that submission of the employment grievance to an impartial arbitrator precluded Alexander from maintaining a Title VII civil action and that the decision of the arbitrator was binding. This was decided adversely to Alexander and forms the basis of his appeal.

Harrell Alexander, a Negro, was employed by Gardner-Denver for over three years. He had advanced to a trainee's position in the drill department. He had been awarded this position on June 11, 1968, after having been employed for over two years by appellee, and had held this same position until he was discharged on September 29, 1969. The reason assigned was Alexander's

poor performance as a drill press trainee, as evidenced by his accumulations of excessive amounts of scrap.

The collective bargaining agreement provided that an employee who believed Gardner-Denver had disregarded the labor agreement could lodge a protest within five days of the asserted breach. Alexander filed his grievance, and it was denied by Gardner-Denver. Further pursuant to the Union Agreement provision for adjustment of grievances, the matter was submitted to arbitration. The arbitrator concluded the discharge was for just cause following a series of progressive industrial disciplinary practices. The issue of racially-motivated discriminatory employment practices was presented to the arbitrator and rejected.

Alexander had filed a formal complaint of racial discrimination with the Colorado Civil Rights Commission on October 27, 1967, prior to the arbitration hearing. That commission failed to act on the complaint, and Alexander filed a charge of discrimination with the EEOC. On July 24, 1970, the EEOC informed Alexander that the facts did not constitute a Title VII violation and dismissed the charge. The EEOC advised that a suit, if filed, must be commenced within 30 days. On August 6, 1970, the trial court permitted Alexander to proceed in forma pauperis, appointed counsel to represent him, and allowed 20 days in which to commence the action. The complaint was filed on August 25, 1970, beyond the 30-day period following the EEOC determination but within the 20-day period permitted by the court. The motion for summary judgment was filed on February 12, 1971, and granted by the trial court's memorandum opinion and order on July 7, 1971, on the ground previously discussed, that is, that the matter had been submitted to arbitration and the arbitrator's decision was binding on both parties.

The issue before us on appeal involves the correctness of the trial court's de-

cision to uphold the decision of the arbitrator and to deny Alexander recourse of civil action in a federal district court following the adverse decision by the arbitrator. We have examined the trial court's opinion and order in its disposition of the motion for summary judgment and find it exhaustive of the authorities and conclusive in resolution of the issue.

The judgment is therefore affirmed on the basis of the trial court's opinion and order, as reported.[1]

---

1. Alexander v. Gardner-Denver Co., 346 F.Supp. 1012 (D.C.Colo.1972).