**Robert J. STRITTMATTER,**
**Plaintiff-Appellant,**

v.

**The GOODYEAR TIRE & RUBBER COMPANY, Defendant-Appellee.**

**No. 73–2219.**

United States Court of Appeals,
Sixth Circuit.

Argued April 17, 1974.

Decided May 29, 1974.

Alan I. Goodman, Cleveland, Ohio, on brief, for plaintiff-appellant.

Daniel W. Hammer, Joseph S. Ruggie, Jr., T. Merritt Bumpass, Jr., Thompson, Hine & Flory, Cleveland, Ohio, on brief, for defendant-appellee.

Before PHILLIPS, Chief Judge, and WEICK and EDWARDS, Circuit Judges.

PER CURIAM.

The District Court, relying on our decision in Dewey v. Reynolds Metals Co., 429 F.2d 324 (6th Cir. 1970), affirmed by an equally divided Court, 402 U.S. 689, 91 S.Ct. 2186, 29 L.Ed.2d 267 (1971), granted Goodyear's motion for summary judgment and dismissed the complaint on the sole ground that appellant Strittmatter was bound by the prior arbitral decision and had no right to sue under Title VII of the Civil Rights Act of 1964.

During the pendency of Strittmatter's appeal to this Court the Supreme Court decided Alexander v. Gardner-Denver Co., 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), and held:

An employee's statutory right to trial *de novo* under Title VII [of the

Civil Rights Act of 1964 is not] foreclosed by prior submission of his claim to final arbitration under the nondiscrimination clause of a collective-bargaining agreement.

As to the weight to be given to the arbitral decision Mr. Justice Powell, who wrote the opinion for the Court, stated:

We think, therefore, that the federal policy favoring arbitration of labor disputes and the federal policy against discriminatory employment practices can best be accommodated by permitting an employee to pursue fully both his remedy under the grievance-arbitration clause of a collective-bargaining agreement and his cause of action under Title VII. The federal court should consider the employee's claim *de novo*. The arbitral decision may be admitted as evidence and accorded such weight as the court deems appropriate.

The judgment of the Court of Appeals is reversed. (Footnote omitted.) (94 S.Ct. at 1025.)

The District Court in *Alexander* had relied on our decision in *Dewey*, and the Court of Appeals for the Tenth Circuit affirmed in a per curiam opinion. 466 F.2d 1209 (10th Cir. 1972).

*Alexander* requires us to reverse the judgment of the District Court and to remand for a trial *de novo*, in which the arbitral award may be admitted in evidence and accorded such weight as the Court deems appropriate.

In addition to Goodyear's defense of arbitration, there were other issues in the case which it will be necessary for the District Court to determine upon the remand. These same issues were decided in part in *Dewey*. The Supreme Court in *Alexander* did not decide the additional issues involved in *Dewey*, because there only the issue of arbitration was involved.[1]

Some of the additional issues were discussed in Reid v. Memphis Publishing Co., 468 F.2d 346 (6th Cir. 1972), where no arbitration factor was present. *Dewey* was distinguished on page 349.

The judgment of the District Court is reversed and the cause is remanded for trial.

---

[1]. See article in 69 Mich.Law Rev. 599 (1970), in which *Dewey* is extensively discussed. On the first page of the article, in italics, appears a quotation from an opinion written by Circuit Judge Learned Hand in Otten v. B & O R.R., 205 F.2d 58, 61 (2d Cir. 1953).