**Elfego R. SANCHEZ, Plaintiff-Appellant,**

v.

**TRANS WORLD AIRLINES, INC., Defendant-Appellee.**

**No. 73–1820.**

United States Court of Appeals, Tenth Circuit.

Argued May 17, 1974.

Decided June 21, 1974.

Emmett C. Hart, Albuquerque, N. M. (Lorenzo A. Chavez, Albuquerque, N. M., on the brief), for plaintiff-appellant.

William S. Dixon, of Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, N. M., for defendant-appellee.

Before HILL, SETH and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

The action before the court arises under 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981. It is an equal employment opportunity claim. The trial court dismissed the action and did so pursuant to a ruling by this court in Alexander v. Gardner-Denver Co., 466 F.2d 1209 (10th Cir. 1972). The court in this action rendered its decision August 29,

1973. Subsequent thereto, on February 19, 1974, the Supreme Court reversed our decision in the *Alexander* case in 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974).

The basic issue before the trial court in the instant case, and that which was present in *Alexander*, was whether an employee's right to pursue a remedy under the equal employment provision of the Civil Rights Act is alternative to arbitration proceedings under the non-discrimination clause of a collective bargaining agreement and is thereby barred after an unsuccessful arbitration effort. Our decision in *Alexander* had held that these are alternative remedies and that both approaches could not be pursued. The Supreme Court disagreed, holding that these were independent remedies, both of which could be pursued.

But appellee airline contends that there are other grounds for affirming the trial court's judgment (granting its motion for summary judgment). These are:

1. That appellant Sanchez did not file his claim within the statutory limitation period following the alleged unfair employment practice, as required by 42 U.S.C. § 2000e–5(e).

2. That appellant has no independent cause of action under 42 U.S.C. § 1981 because his ethnic origin is Hispanic rather than black.

We recognize that an appellate court may affirm a lower court judgment on a basis not relied on by the district court. *See* 10 Wright and Miller, Federal Practice and Procedure, § 2716 (pp. 439–441); Coleman v. Mountain Mesa Uranium Corp., 240 F.2d 12, 14 (10th Cir. 1956). *See also* Pound v. Insurance Co. of North America, 439 F.2d 1059 (10th Cir. 1971) and Texaco, Inc. v. Holsinger, 336 F.2d 230 (10th Cir. 1964), cert. denied, 379 U.S. 970, 85 S. Ct. 669, 13 L.Ed.2d 563 (1965).

Appellee's position in regard to the limitation issue is that the alleged discriminatory practice occurred on October 14, 1970, and appellant did not file his EEOC charge until March 1, 1972 which, the argument continues, was beyond the statutory limitations. However, appellant was pursuing his rights during this period under a collective bargaining grievance procedure and where this is the situation most authorities hold that the limitation is tolled. *See* Moore v. Sunbeam Corp., 459 F.2d 811, 826–827 (7th Cir. 1972); Malone v. North American Rockwell Corp., 457 F. 2d 779 (9th Cir. 1972); Culpepper v. Reynolds Metals Co., 421 F.2d 888 (5th Cir. 1970); Phillips v. Columbia Gas, 347 F.Supp. 533 (S.D.W.Va.1972), aff'd, 474 F.2d 1342 (4th Cir. 1972). The holdings of the cited cases to the effect that the statute is tolled are in tune with the construction given by the Supreme Court and other federal courts to this kind of a provision.

It does not appear to us, therefore, that there is a limitations problem and yet the record does not disclose the date on which the appellant commenced proceedings under the collective bargaining grievance machinery nor does it reveal the date that these proceedings were completed. The cause must, therefore, be remanded to the trial court for determination and findings on this issue.

As to the question whether appellant is free to pursue his remedy under 42 U.S.C. § 1981, we express no opinion because the trial court has not had an opportunity to consider this issue. In essence, the Act declares that all persons within the jurisdiction of the United States have the same right in every state to make and enforce contracts, to sue, give evidence and to enjoy full and equal benefit of laws as is enjoyed by white persons. On its face at least it seems thin to hold that because a Spanish speaking citizen is a Caucasian, thereby he cannot take advantage of this statute. However, since it has not been briefed by appellant, the question ought to be considered by the trial court on both the facts and the law.

The judgment is reversed and the cause is remanded for further proceedings in accordance with the views expressed herein.