**Dortha Allen GUY, Plaintiff-Appellant,**

v.

**ROBBINS & MYERS, INC., Defendant-Appellee.**

**INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS, AFL–CIO LOCAL 790, Plaintiff-Appellant,**

v.

**ROBBINS & MYERS, INC., Defendant-Appellee.**

Nos. 74–2144, 74–2145.

United States Court of Appeals, Sixth Circuit.

Argued April 11, 1975.

Decided Oct. 24, 1975.

Rehearing and Rehearing En Banc Denied Dec. 9, 1975.

---

A. C. Wharton, Jr., Memphis & Shelby County, Legal Services Assn., Memphis, Tenn., for appellant Dortha Allen Guy.

U. S. E. E. O. C. William A. Carey, Joseph T. Eddins, Jr., Beatrice Rosenberg, Charles Hodge, Washington, D. C., amicus curiae.

Ronald H. Janetzke, Kettering, Ohio, for appellant Intern. Union of Elec. Radio and Machine Workers.

Charles A. Lawrence, Jr., McKnight & Hudson, Memphis, Tenn., for defendant-appellee, Robbins & Myers, Inc.

Before WEICK, EDWARDS and PECK, Circuit Judges.

WEICK, Circuit Judge.

Appellant Guy has appealed from an order of the District Court dismissing her complaint for wrongful discharge brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981. She claimed that her employer discharged her on account of her race (Negro).

The District Court granted the defendant's motion to dismiss her Title VII claim on the ground that plaintiff had not met the jurisdictional prerequisites of § 2000e–5(d) of the Act which were in force at the time.[1] The Act required her to file a charge with the Equal Employment Opportunity Commission (EEOC) within 90 days from the date of her discharge. She did not file the charge until after the lapse of 108 days.

---

1. "(d) A charge under subsection (a) of this section shall be filed within ninety days after the alleged unlawful employment practices occurred. Except that in the case of an unlawful employment practice with respect to which the person aggrieved haś followed the procedure set out in subsection (b) [of this section,] such charge shall be filed by the person aggrieved within two hundred and ten days after the alleged unlawful employment practice occurred or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency."

The District Court dismissed her claim for violation of § 1981 of 42 U.S.C. on the ground that it was barred by the one year Tennessee statute of limitations. Tenn.Code § 28–304.

It was Guy's contention that the 90 day requirement of the Act was tolled during the pendency of a grievance which she had filed with her employer under the provisions of a collective bargaining agreement entered into between her employer and the defendant labor Union.

The sole appellate issue is whether the filing of the grievance tolled the jurisdictional requirements of the Act.

Guy's claim under 42 U.S.C. § 1981 was controlled by our decision in *Johnson v. Railway Express Agency, Inc.,* 489 F.2d 525 (6th Cir. 1973), which was affirmed by the Supreme Court on May 19, 1975, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). Guy has not appealed from this ruling and it has become final.

The Union originally was a party defendant but was dismissed by agreement with the plaintiff and has been realigned as a party plaintiff.

The facts pertaining to the Title VII issue were not in dispute. Guy was discharged on October 25, 1971 for failing to report for work following an authorized sick leave. A co-worker filed a grievance for her with the employer on October 27, 1971 which stated: "Protest unfair action of company for discharge. Ask that she be reinstated with compensation for lost time." She did not explicitly claim racial discrimination. Guy processed her grievance to the third step under the collective bargaining agreement. The company rejected the grievance on November 18, 1971. Guy decided not to proceed further to arbitration. Instead she filed a charge with EEOC on February 10, 1972 which was 108 days from the date of her discharge.

The EEOC, although finding no evidence of racial discrimination, granted a right to sue letter which resulted in the filing of the present suit.

The District Judge was of the opinion that this case was controlled by the recent decision of the Supreme Court in *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974).

While the specific holding in *Gardner-Denver* was that the adverse decision of an arbitrator did not foreclose resort by the grievant to her federal remedy, the reasoning of the court, in our judgment, supports the proposition that the filing of a grievance under a collective bargaining agreement does not toll the limitation period of an applicable federal or state statute.

The court pointed out that "in instituting an action under Title VII the employee was not seeking to review an arbitrator's decision but was asserting a right independent of the arbitration process."

The court referred to the legislative history which indicated Congressional intent that an employee could pursue any remedy which he may have under state or federal law. Thus, the employee could file proceedings under the National Labor Relations Act or with other federal, state or local agencies or pursue contractual remedies. In *Johnson v. Railway Express Agency, supra,* the court held that the various remedies are "separate, distinct and independent."

It would be utterly inconsistent with the thesis of *Gardner-Denver* and *Railway Express Agency* to hold that the pursuit of any of these remedies operates to toll other remedies which the employee has a right to resort to concurrently. See the statements of Senators Humphrey and Dirksen reported in 11 Cong.Rec. 12297 and quoted in *Banks v. Local Union, 136 Int'l Bhd. Elec. Eng'rs,* 296 F.Supp. 1188 (N.D.Ala.1968).

In Tennessee, Civil Rights remedies are not provided by state or local law.

Subsection 5(d) of the Act contains an exception when the grievant has availed himself of remedies provided by state or local Civil Rights agencies and in such a case extends the time for filing a charge

with EEOC from 90 days to 210 days after the unlawful employment practice or within 30 days after receipt of notice of termination of state or local proceedings, whichever is earlier.

Guy would have us add another exception to the Act to toll the limitations' period of 90 days when the grievant resorts to a contractual remedy under a collective bargaining agreement.

We are not persuaded that we should add additional exceptions not authorized by Congress.

But most important is the language of Mr. Justice Powell who wrote the unanimous opinion of the court in *Gardner-Denver*, 415 U.S. at 47, 94 S.Ct. at 1019:

. . . It does, however, vest federal courts with plenary powers to enforce the statutory requirements; and it specifies with precision the jurisdictional prerequisites that an individual must satisfy before he is entitled to institute a lawsuit. In the present case, these prerequisites were met when petitioner (1) filed timely a charge of employment discrimination with the Commission, and (2) received and acted upon the Commission's statutory notice of the right to sue. 42 U.S.C. § 2000e–5(b), (e), and (f).

This is a clear pronouncement that the 90 day limitation period in the Act for filing a charge with EEOC is a jurisdictional prerequisite "that an individual must satisfy before he is entitled to institute a lawsuit." Here Guy admittedly did not meet the jurisdictional prerequisite.

 The limitation in Title VII is more than a mere statute of limitations. The Act creates a right and liability which did not exist at common law and prescribes the remedy. The remedy is an integral part of the right and its requirements must be strictly followed. If they are not, the right ends.

As early as 1886 the Supreme Court recognized the distinction between a statute of limitation and a limitation contained in a statute creating liability and imposing a remedy.

In *The Harrisburg*, 119 U.S. 199, 214, 7 S.Ct. 140, 147, 30 L.Ed. 358 the court stated:

. . . [W]e are entirely satisfied that this suit was begun too late. The statutes create a new legal liability, with the right to a suit for its enforcement, provided the suit is brought within twelve months, and not otherwise. The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all. . . .

In *Matheny v. Porter, Price Adm'r*, 158 F.2d 478, 479 (10th Cir. 1946), the court said:

. . . Ordinarily, a statute of limitation does not confer any right of action, but merely restricts the time within which the right finding its source elsewhere may be asserted. It is not a matter of substantive right. It neither creates the right nor extinguishes it. It affects only the remedy for the enforcement of the right. And unless it affirmatively appears from the face of the complaint that the cause of action is barred by the applicable statute, limitation must be presented by special plea in defense.

. . .

But here, section 205(e) creates a new liability, one unknown to the common law and not finding its source elsewhere. It creates the right of action and fixes the time within which a suit for the enforcement of the right must be commenced. It is a statute of creation, and when the period fixed by its terms has run, the substantive right and the corresponding liability end. Not only is the remedy no longer available, but the right of action itself is extinguished. The commencement of the action within the time is an indispensable condition of the liability. Cf. *The Harrisburg*, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358; *Midstate Horticultural Co., Inc. vs. Pennsylvania R. Co.*, 320 U.S. 356, 64 S.Ct. 128, 88 L.Ed. 96.

In *Callahan v. Chesapeake & O. Ry. Co.,* 40 F.Supp. 353, 354 (E.D.Ky.1941), District Judge Mac Swinford stated:

> The rule is stated in the syllabus from *Morrison v. Baltimore & Ohio Railroad Company,* 40 App.D.C. 391, Ann.Cas.1914C, page 1026, as follows: "Under the Federal Employers' Liability Act of June 11, 1906, (Fed.St.Ann. 1909 Supp. p. 585) the time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all. Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statute, and the limitations of the remedy are therefore to be treated as limitations of the right."

*Johnson v. Railway Express Agency, supra,* held that the timely filing of a charge with EEOC under Title VII of the Act did not toll Tennessee's applicable one year statute of limitations. It would therefore appear to us to be utterly incongruous for us to hold that a federal statute which contains jurisdictional prerequisites for the exercise of its remedies is tolled by the mere filing of a grievance under a collective bargaining agreement.

Under Guy's contention the exercise of rights under Title VII could be delayed indefinitely for many years while an individual is pursuing other remedies. This contention conflicts with Congressional intent made manifest by the short periods of time provided in the Act as prerequisites for the exercise of the rights.

Guy relies on the following decisions from other Circuits: *Culpepper v. Reynolds Metals Co.,* 421 F.2d 888 (5th Cir. 1970); *Hutchings v. U. S. Industries, Inc.,* 428 F.2d 303 (5th Cir. 1970); *Malone v. North American Rockwell Corp.,* 457 F.2d 779 (9th Cir. 1972); *Sanchez v. T. W. A.,* 499 F.2d 1107 (10th Cir. 1974).

It is noteworthy that all of these cases, except *Sanchez,* were decided prior to *Gardner-Denver* and hence are inapposite. *Sanchez* relies on these prior decisions. *Sanchez* conflicts with *Johnson v. Railway Express Agency, supra.*

In the brief of EEOC as amicus curiae a new issue is injected into the case which was not raised by plaintiff in the District Court, namely, that under the 1972 amendments to Title VII it had authority to assume jurisdiction retroactively to charges pending before the Commission. It relies on *Love v. Pullman Co.,* 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972).

Since this issue was not raised in the District Court by any party to the case, we are not required to consider it. *United States v. Summit Fid. & Sur. Co.,* 408 F.2d 46 (6th Cir. 1969); *Wiper v. Great Lakes Engineering Works,* 340 F.2d 727 (6th Cir.), *cert. denied,* 382 U.S. 812, 86 S.Ct. 28, 15 L.Ed.2d 60 (1965).

We do note, however, that in *Love, supra,* the charge had been timely filed with the Commission so that the jurisdictional prerequisite had been met.

Plaintiff Guy's claim was barred on January 24, 1972. She did not file her charge with EEOC until February 10, 1972. The amendments to Title VII, increasing the time within which to file her charge to 180 days, did not become effective until March 24, 1972. 42 U.S.C. § 2000e–5(e). The subsequent increase of time to file the charge enacted by Congress could not revive plaintiff's claim which had been previously barred and extinguished.

The judgment of the District Court is affirmed.

EDWARDS, Circuit Judge (dissenting).

Appellant Guy was discharged for failure to report back to work on her production job with appellee Robbins and Myers at the end of sick leave which had been granted to her. She claims that she notified appellee that she was not able to return on the day set, but when

she did return four days later, she was informed she had been discharged.

Promptly on October 27, 1971, the union filed a grievance on her behalf, alleging that the discharge was illegal under the union-management contract. This grievance was denied at the third step on November 18, 1971. Thereafter plaintiff filed a charge, alleging that her discharge was racially motivated, before the Equal Employment Opportunity Commission. This charge was filed February 10, 1972, 108 days after her discharge. At the time the EEOC limitation provided for a 90-day period within which to file the charge. On March 24, 1972, however, Title VII was amended to increase the filing time to 180 days. *See* 42 U.S.C. § 2000e–5(d). EEOC, in an amicus brief filed in this appeal, asserts that the 1972 amendment should be read retrospectively as applicable to appellant's complaint, since it was pending in EEOC's possession at the time when the amendment became effective 151 days after plaintiff's discharge.

The EEOC position is that the amendment did not create a new cause of action. It merely increased the period from 90 to 180 days before the limitation became effective.

In *Davis v. Valley Distributing Co.*, 522 F.2d 827 (9th Cir. 1975), the court, per Browning, J., held that a similar 180-day extension amendment (applicable to filing before the EEOC) should be given retroactive effect. The court said:

The 1972 Act became effective March 24, 1972. The prior 90-day limitation had run on appellant's complaint some 54 days earlier. It is the general rule that subsequent extensions of a statutory limitation period will not revive a claim previously barred. *James v. Continental Insurance Co.*, 424 F.2d 1064, 1065–66 (3d Cir. 1970). But the question is one of legislative intent; and though not free from doubt, we think it the more likely conclusion that Congress intended the extended limitations period to apply to all unlawful practices that occurred 180 days before the enactment of the 1972 Act, including those otherwise barred by the prior 90-day limitations period.

Section 14 of the 1972 Act provides:

The amendments made by this Act to section 706 of the Civil Rights Act of 1964 shall be applicable with respect to charges pending with the Commission on the date of enactment of this Act and all charges filed thereafter.

Initially, both the House and Senate bills provided that the amendments to section 706 would *not* apply to charges filed prior to the effective date of the amendments. H.R. 1746, 92d Cong., 2d Sess. § 10 (1972); S. 2515, 92d Cong., 2d Sess. § 13 (1972). Section 14 was adopted primarily to make the new authority given EEOC to bring suit against alleged violators applicable to pending claims. *EEOC v. Kimberly-Clark Corp.*, 511 F.2d 1352, 1355 (6th Cir. 1975); *Koger v. Ball*, 497 F.2d 702, 708 (4th Cir. 1974). But Congress did not limit section 14 of the 1972 Act to the new remedy, although it would have been simple to do so. The language of section 14 is sweeping. It includes all amendments to section 706. Congress was, of course, aware of the other amendments to section 706 contained in the same bill. The provision extending the limitation periods was called to Congress' attention by committee reports and in floor debate. In both the House and Senate, prior court decisions maximizing coverage within the given time limits were noted with approval, and the remedial purpose of extending the 90-day period to 180 days was emphasized.

The words of section 14 affirmatively suggest an intention to encompass discriminatory conduct that occurred before the Act was passed. "[C]harges pending with the Commission on the date of enactment of this Act" could only involve conduct occurring prior to that date. It might be contended that a charge filed with EEOC after the pre-amendment 90-day limitation had

expired, as in this case, was not "pending" on the effective date of the Act. It is unnecessary to argue the point. Section 14 also makes the amendments applicable to "all charges filed thereafter." Since appellant's claim was not formally "filed" until EEOC assumed jurisdiction after the claim was returned by the Arizona Commission, it fell within the literal words of the statute.

There is no substantial reason for giving less than their full meaning to the words of section 14. Even as extended, the time limits under the statute are exceedingly short, particularly since, as Congress noted, most complainants are laymen representing themselves. The Equal Employment Opportunity Act is a remedial statute to be liberally construed in favor of victims of discrimination. *EEOC v. Wah Chang Albany Corp.,* 499 F.2d 187, 189 (9th Cir. 1974). Accordingly, "courts confronted with procedural ambiguities in the statutory framework have, with virtual unanimity, resolved them in favor of the complaining party." *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 461 (5th Cir. 1970).

*Davis v. Valley Distributing Co., supra,* 522 F.2d at 830. (Footnotes omitted.)

This issue, as outlined above, was not presented to the District Court in our instant case, and in fairness to the District Judge, it should be.

I would remand this case for consideration of the effect of the 1972 EEOC amendments.