545 F.2d 1171
 93 L.R.R.M. (BNA) 2558, 79 Lab.Cas. P 11,704
 Joyce THOMAS, R.N., Individually and on behalf of all those
similarly situated, and the Riverside General
Hospital Nurses Association of
California, Appellants,
v.
Norton YOUNGLOVE et al., Appellees.
 No. 74-2030.
 United States Court of Appeals,
Ninth Circuit.
 Oct. 6, 1976.
 
 Herbert M. Ansell, of Ansell & Ansell, Los Angeles, Cal., for appellants.
 Steven A. Broiles, Deputy County Counsel (argued), Riverside, Cal., for appellees.
 Before GOODWIN and SNEED, Circuit Judges, and KING,* District Judge.
 PER CURIAM:
 
 
 1
 Plaintiffs appeal from the dismissal of a 42 U.S.C. § 1983 damages action on defendants' motion for judgment on the pleadings.
 
 
 2
 The plaintiffs are a labor organization, the Riverside General Hospital Nurses Association, and its president, Joyce Thomas. The defendants are the Supervisors of Riverside County, the county Employee Relations Director, H. A. Cortner, and the county Personnel Director, Mike Snuffin. The plaintiffs alleged that the defendants acted in concert to harass the Nurses Association and to discriminate against its members.
 
 
 3
 Alleged overt acts of the defendants included paying registered nurses who openly proclaimed their membership in the Nurses Association lower salaries than were paid other registered nurses, bringing false charges against the representative of the Nurses Association, and attempting to have its supporters fired from their jobs.
 
 
 4
 Defendants moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), and the trial court dismissed the action, apparently under Fed.R.Civ.P. 12(b) (6), for failure to state a claim upon which relief can be granted.
 
 
 5
 The county officials maintain that the dismissal was justified on two grounds. They argue first that the complaint does not state an actionable claim. Second, they argue that in any event they are entitled to immunity from liability. As neither contention is correct, we must vacate the dismissal and remand for further proceedings.
 
 
 6
 In attacking the complaint, the county officials apparently concede that discrimination against public employees because they are members of a labor organization is actionable under § 1983. Lontine v. Van Cleave, 483 F.2d 966 (10th Cir. 1973); Orr v. Thorpe, 427 F.2d 1129 (5th Cir. 1970); American Federation of State, County, and Municipal Employees v. Woodward,406 F.2d 137 (8th Cir. 1969); McLaughlin v. Tilendis, 398 F.2d 287 (7th Cir. 1968). The officials argue that plaintiff's allegations are not sufficiently certain or substantial to provide a basis for a claim.
 
 
 7
 Complaints under the Civil Rights Act are to be liberally construed. Roberts v. Acres, 495 F.2d 57 (7th Cir. 1974); Birnbaum v. Trussell, 347 F.2d 86 (2d Cir. 1965). We cannot say with certainty at this early stage in the litigation that plaintiffs can prove no set of facts which would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Accordingly, the order dismissing the nurses' complaint was premature.
 
 
 8
 The county officials ground their immunity argument alternatively on executive immunity and legislative immunity. This circuit recently adopted the doctrine of qualified immunity for executive officials in Navarette v. Procunier, 536 F.2d 277 (9th Cir. 1976), and Mark v. Groff, 521 F.2d 1376 (9th Cir. 1975). These cases apply the U. S. Supreme Court decisions in Wood v. Strickland, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975), and Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), which rejected absolute immunity. Each case now requires an analysis of "the scope of discretion and responsibilities of the office and all the circumstances as they reasonably appeared at the time of the action on which liability is sought to be based * * * ." Scheuer v. Rhodes, 416 U.S. at 247, 94 S.Ct. at 1685, quoted in Mark v. Groff, 521 F.2d at 1379. A defense of official immunity therefore raises issues of fact which cannot be resolved at the pleading stage. Navarette v. Procunier, supra; Jones v. Diamond, 519 F.2d 1090 (5th Cir. 1975); Rowley v. McMillan, 502 F.2d 1326 (4th Cir. 1974).
 
 
 9
 The claim of absolute legislative immunity must also fail. (It is not applicable to defendants Snuffin and Cortner because they are nonlegislative employees of the county.) Absolute legislative immunity is not always appropriate for county supervisors. The questioned activity may or may not share in the "speech and debate" immunity conferred upon legislators. Cf. Gillibeau v. City of Richmond, 417 F.2d 426 (9th Cir. 1969). The Fifth Circuit, applying Scheuer and Wood, has granted county supervisors only qualified immunity. Jones v. Diamond, supra. See also Laverne v. Corning, 522 F.2d 1144 (2d Cir. 1975); Hostrop v. Board of Junior College District etc., 523 F.2d 569 (7th Cir. 1975) cert. denied, 425 U.S. 963, 96 S.Ct. 1748, 48 L.Ed.2d 208 (1976).
 
 
 10
 The absolute legislative immunity recognized in Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951), applied in that case to state legislators and not necessarily to those other state or local officials whose duties can be characterized as partially "legislative".
 
 
 11
 The liability of the county supervisors here, if any, must be determined through application of the principles enunciated in Scheuer and Wood. In this case the record must be more fully developed before the claims of immunity can be evaluated.
 
 
 12
 The cause is reversed and remanded for further proceedings not inconsistent with this opinion.
 
 
 
 *
 The Honorable Samuel P. King, United States District Judge for the District of Hawaii, sitting by designation