Jesus L. GOMEZ, Individually, and on behalf of all others similarly situated, et al., Plaintiffs,

v.

PIMA COUNTY, a corporation, et al., Defendants.

No. CIV 76–144–TUC–WCF.

United States District Court, D. Arizona.

Dec. 17, 1976.

FREY, District Judge.

## ORDER

This class action was brought pursuant to Title 42, United States Code, Sections 1981 and 1983, and jurisdiction was invoked pursuant to Title 28, United States Code, Sections 2201, 2202 and 1343.

Plaintiff Gomez, a Deputy Sheriff, in his First Amended Complaint, alleged that defendants Pima County, Sheriff William Cox, and other individual defendants have subjected him to several disciplinary actions and have denied and are denying him promotional opportunities in violation of his rights under the Thirteenth and Fourteenth Amendments to the United States Constitution and under Title 42, United States Code, Sections 1981 and 1983. He alleged that unjustified letters of counseling are in his file which undermine his job security and chances of advancement, and that he has been transferred to guard duty instead of patrol duty.

For himself, and for a class consisting of all Mexican-American/Spanish-Surname persons who have been denied or who will in the future be denied equal employment opportunities by the defendants, plaintiff Gomez also alleged that defendants have discriminated against the class in recruiting, hiring, administering disciplinary rules, and promoting employees of the Pima County Sheriff's Department.

Defendants have moved to dismiss for various reasons. They are, in order of discussion: (1) County as defendant under Title 42, United States Code, Section 1981; (2) Mexican-Americans as plaintiffs under Title 42, United States Code, Section 1981; (3) Immunity; (4) Failure to state a claim under Section 1981 or Section 1983; (5) Failure to state a claim for damages against individual defendants; and (6) Exhaustion of remedies. Additional facts are set out where necessary to determine the issues.

Peter D. Eisner, Armand Salese, Tucson, Ariz., for plaintiffs.

Melvin C. Cohen, Deputy County Atty., Tucson, Ariz., for defendants.

## ISSUES 1 AND 2 DISCUSSED

Two recent Ninth Circuit opinions hold that a county is a proper party defendant in a suit brought under Title 42, United

States Code, Section 1981. *Sethy v. Alameda Co. Water District,* 545 F.2d 1157 (9th Cir., en banc, 1976), fully discusses the legislative history and distinguishes such an action from one under Title 42, United States Code, Section 1983. *Van Davis v. Co. of Los Angeles* (9th Cir. 1976), [No. 73–3008 and 3009 slip op'n Oct. 20, 1976], comes to the same conclusion. Thus, it appears Pima County may be sued under Title 42, United States Code, Section 1981.

■ Although neither case discussed the matter, both cases by clear implication stand for the proposition that Mexican-Americans of brown race or color can sue under the statute. The plaintiffs in *Van Davis* were Mexican-Americans, and the affirmation of the District Court's order of accelerated hiring against the County was *only* under Title 42, United States Code, Section 1981. Title VII was not yet effective as to municipalities, and the county was not a defendant in the count under Title 42, United States Code, Section 1983. It was necessary to the affirmation that Mexican-Americans be entitled to protection under Title 42, United States Code, Section 1981. Such an implied finding by the Ninth Circuit in no way conflicts with *McDonald v. Santa Fe Trail Transp. Co.,* 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976), where the Supreme Court emphasized that "the statute explicitly applies to '*all* persons' (Supreme Court's emphasis), including white persons". *Id.,* at 287, 96 S.Ct. at 2581.

Furthermore, it would appear that Judge Tuttle purposely used the word "color" instead of "race" because there were Mexican-American plaintiffs as well as black plaintiffs in the case.

"We join the seven other Circuits which have considered the question and hold § 1981 is available as a remedy against employment discrimination based on color." *Van Davis v. County of Los Angeles, supra,* at slip op'n p. 7.

*Sethy* involved a brown-skinned person of East Indian descent who alleged racially prejudicial treatment culminating in discharge. He sued the Water District under Title 42, United States Code, Section 1981 and the three individual defendants under Title 42, United States Code, Section 1983. After trial, the individuals were found not liable, and the Water District was found liable. The issue on appeal was whether a municipality can be held liable under Section 1981. Sethy was the only plaintiff, and the Water District was the only remaining defendant; the judgment was affirmed.

East Indians are normally considered to be caucasian, so the issue of the plaintiff's standing to sue could have been raised. Evidently, the defendant did not do so, and neither did the Circuit Court. Perhaps, the answer was too obvious; perhaps no one thought of it at all. Either way, the opinions in *Van Davis* and *Sethy* are not binding precedent on this Court. The *Sethy* opinion itself made this clear.

"The pro se brief on appeal did not present intelligible issues, and this court did not reach the merits of any proposal, as none was put forward to distinguish between sections 1981 and 1983. Accordingly, we do not view *Arunga v. Weldon* as controlling precedent on the § 1981 issues presented here. *See United States v. L. A. Tucker Truck Lines,* 344 U.S. 33, 37–38, 73 S.Ct. 67, 97 L.Ed. 54 (1952) (prior decision is not binding precedent on point not raised in briefs or argument nor discussed in the opinion of the Court in that case); *see also Webster v. Fall,* 266 U.S. 507, 511, 45 S.Ct. 148, 149, 69 L.Ed. 411 (1925) ('Questions which merely lurk in the record, neither brought to the attention of court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.'); *accord, Soyka v. Alldredge,* 481 F.2d 303, 306 (3d Cir. 1973)." *Sethy v. Alameda Co. Water District, supra* at 1159.

However, these two recent opinions leave this Court with a feeling very similar to that which Judge Sneed expressed in his concurrence in *Sethy.* He felt that only the obtuse or the clairvoyant could read the prior United States Supreme Court opinions on Title 42, United States Code, Section 1981 and still contend that the Supreme Court would hold municipalities to be im-

mune. Here it is hard to contend that the Circuit Court will hold that the plaintiffs must be strictly non-caucasian in order to contend that they are not given the same employment opportunities as "white citizens".[1]

In this motion to dismiss it is not necessary to decide whether the allegations are true, it is only necessary to decide whether a claim for relief has been stated. This Court concludes that Mexican-American/Spanish-Surnamed individuals of brown race or color who allege that they have been discriminated against because of that race or color have stated a claim for relief under Title 42, United States Code, Section 1981, but have no claim under Section 1981 for discrimination based upon national origin. *See, Gradillas v. Hughes Aircraft Co.,* 407 F.Supp. 865 (D.Ariz.1975). It remains to be seen whether the two can be distinguished in this case.

### ISSUE 3 DISCUSSED

Defendants claim immunity for discretionary acts within their scope of authority and ask for dismissal because there are no affidavits by plaintiff showing bad faith. However, neither are there affidavits by

defendants showing, or from which the Court can infer, good faith.

The defense of official immunity was discussed in *Thomas v. Younglove,* 545 F.2d 1171 (9th Cir. 1976).

"The county officials ground their immunity argument alternatively on executive immunity and legislative immunity. This circuit recently adopted the doctrine of qualified immunity for executive officials in *Navarette v. Procunier,* 536 F.2d 277 (9th Cir. 1976), and *Mark v. Groff,* 521 F.2d 1376 (9th Cir. 1975). These cases apply the U.S. Supreme Court decisions in *Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975), and *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), which rejected absolute immunity. Each case now requires an analysis of 'the scope of discretion and responsibilities of the office and all the circumstances as they reasonably appeared at the time of the action on which liability is sought to be based * * *.' *Scheuer v. Rhodes,* 416 U.S. at 247, 94 S.Ct. 1685, quoted in *Mark v. Groff,* 521 F.2d at 1379. *A defense of official immunity therefore raises issues of fact which cannot be resolved at the*

1. District Court opinions which hold that Mexican-Americans or Puerto Ricans can sue under Section 1981 are *Hernandez v. Erlenbusch,* 368 F.Supp. 752 (D.Or.1973); *Puerto Rican Media Action & Educational Council v. Metromedia,* 9 EPD Paragraph 10,173 (S.D.N.Y.1975); *Miranda v. Clothing Workers Local 208,* 8 EPD Paragraph 9601 (D.N.J.1972); *Maldonado v. Broadcast Plaza, Inc.,* 10 EPD Paragraph 10,264 (D.Conn.1974); and *Sabala v. Western Gillette, Inc.,* 362 F.Supp. 1142 (S.D.Tex.1973), *aff'd in part and remanded in part on other grounds* 516 F.2d 1251 (5th Cir. 1975).

Cases which do not discuss the point but which are consistent with such a holding are *Romero v. Weakley,* 226 F.2d 399 (9th Cir. 1955); *Chicano Police Officers Ass'n v. Stover,* 526 F.2d 431 (10th Cir. 1975); *vacated and remanded for reconsideration on other grounds* 426 U.S. 944, 96 S.Ct. 3161, 49 L.Ed.2d 1181 (1976); *Sanchez v. T. W. A., Inc.,* 499 F.2d 1107 (10th Cir. 1974); *Badillo v. Dallas County Committee Action Comm.,* 394 F.Supp. 694 (N.D. Tex.1975); and *Ranjel v. City of Lansing,* 293 F.Supp. 301 (W.D.Mich.1968).

Many cases hold that Section 1981 does not reach discrimination based on national origin,

sex, or any grounds other than race, but they do not involve Mexican-Americans or Puerto Ricans, and they do not involve any *allegation* that the discrimination was based on race. E.g., *Kurylas v. U. S. Dept. of Agr.,* 373 F.Supp. 1072 (D.C.D.C.1974), *aff'd* 169 U.S.App.D.C. 58, 514 F.2d 894 (1975). The plaintiffs in *Arnold v. Tiffany,* 359 F.Supp. 1034 (C.D.Cal. 1973), *aff'd* 487 F.2d 216 (9th Cir. 1974), *cert. den.* 415 U.S. 984, 94 S.Ct. 1578, 39 L.Ed.2d 881 (1974), did not allege discrimination on the basis of either race or national origin. *Van Hoomisen v. Xerox Corp.,* 368 F.Supp. 829 (N.D.Cal.1973) held that a white man who was allegedly fired for attempting to aid Mexican-Americans did not have standing under Section 1981. The Court added this footnote:

"We do not need to reach the question of whether or not Mexican-Americans should be considered 'non-white' for the purposes of 1981, since there are no Mexican-American plaintiffs in the suit." *Id.,* at 840.

No case found holds that Mexican-Americans cannot be subjected to racial or color discrimination because they are "white".

*pleading stage. Navarette v. Procunier, supra; Jones v. Diamond,* 519 F.2d 1090 (5th Cir. 1975); *Rowley v. McMillan,* 502 F.2d 1326 (4th Cir. 1974)." (Emphasis Added) *Thomas v. Younglove, supra,* at p. 1172.

The issue of immunity cannot be resolved at the pleadings stage. It raises an issue of fact to be resolved at trial.

## ISSUE 4 DISCUSSED

Defendants contend that no claim has been stated upon which relief can be granted under either Title 42, United States Code, Section 1981 or Section 1983, because many of plaintiff's allegations are conclusory and because no discriminatory purpose is shown.

■■■ Unsupported conclusions are not taken as true, but reasonable conclusions drawn from the plaintiff's description of the facts are taken as true. The plaintiff's method of pleading is to set out two incidents very briefly, to allege statistics showing a very low percentage of Mexican-American employees of the Sheriff's department, to allege a pervasive pattern of discrimination in employment naming several ways in which discrimination is generally practiced (unequal recruitment, biased hiring standards, invalid hiring procedures, etc.) and then to conclude that these things have all been done with intent to discriminate on the bases of race, color, descent and national origin in violation of the Thirteenth and Fourteenth Amendments to the United States Constitution and Title 42, United States Code, Sections 1981 and 1983.

The two specific incidents alleged are: "During his [Gomez] attendance at said [Police] Academy he questioned one of the instructors concerning the booking procedures involving Mexican-American/Spanish-Surname citizens and was disciplined for his inquiry . . . and has been and is being denied promotional opportunities . . . " (Paragraph 12 First Amended Complaint)

and

" . . . Plaintiff, Jesus L. Gomez, was disciplined for having issued two citations to one individual. Although the Deputy County Attorney advised Plaintiff Gomez and other members of the Pima County Sheriff's Department that the citations issued were proper under the circumstances, Plaintiff Gomez was still disciplined, a letter of counseling was placed in his file and he was transferred from patrol to what is, essentially, guard duty at the Pima County Hospital." (Paragraph 13, First Amended Complaint)

It is, therefore, apparent that these two incidents showing harm to plaintiff combined with intent to discriminate can reasonably support the conclusions concerning violations of plaintiff's rights. "Complaints under the Civil Rights Act are to be liberally construed . . . We cannot say with certainty at this early stage in the litigation that plaintiffs can prove no set of facts which would entitle them to relief". *Thomas v. Younglove, supra* at p. 1172.

## ISSUE 5 DISCUSSED

■■ Defendants claim that no allegation has sufficiently tied any one of them to the specific incidents alleged in order to award damages. The defendants are mistaken.

The specific incidents are alleged to be a part of a "pervasive pattern of racial, color and national origin discrimination in employment" practiced by all of the defendants against plaintiff and his class employed by the Pima County Sheriff's Department. Each of the defendants has discretion to some extent to affect hiring, promotion, discipline, assignments, etc. Defendants have attempted to show that various of them do not have discretion over all of the aspects of employment by introducing state statutes and asking for summary judgment. As long as each of the defendants has some discretion which each has allegedly used to discriminate as part of a "pervasive pattern", a determination of the exact limits of possible liability as to each aspect of the alleged discrimination should await development of the facts.

## ISSUE 6 DISCUSSED

State administrative remedies have allegedly not been exhausted. This objection cannot apply to those persons in the class who "will in the future be denied equal employment opportunities by defendants". Plaintiff Gomez is the one who allegedly must exhaust his administrative remedies.

The rule in this Circuit appears to be that administrative procedures must be exhausted only when they forestall rather than remedy a deprivation. *Jacobs v. Kunes,* 541 F.2d 222 (9th Cir. 1976); *Whitner v. Davis,* 410 F.2d 24 (9th Cir. 1969). A.R.S., Sections 41–1481, et seq., and A.R.S., Section 11–356 are only to remedy, rather than forestall, a deprivation, and thus need not be exhausted.

A.R.S., Sections 38–1001, et seq., and Pima County Law Enforcement Merit System Rules II–10 and XI–1 may provide a procedure to forestall certain deprivations, but defendants have asserted only that they can cure any deprivation or discrimination and that the distinction between forestalling and remedying a deprivation should be ignored.

If defendants can show that the administrative procedures could have forestalled the deprivations complained of by plaintiff Gomez, then exhaustion will be required.

IT IS ORDERED that defendants' motion to dismiss, is denied.

IT IS FURTHER ORDERED that the Clerk of this Court forthwith mail a copy of this Order to all counsel of record.