Charles GRAY, Plaintiff,

v.

INTERNATIONAL TELEPHONE AND
TELEGRAPH CORPORATION, d/b/a
ITT Blackburn Company, Defendant.

No. 76–892C(3).

United States District Court,
E. D. Missouri, E. D.

March 15, 1977.

Francis L. Ruppert, Ruppert & Schlueter,
and Robert D. Benjamin, Clayton, Mo., for
plaintiff.

Donald J. Meyer, St. Louis, Mo., for defendant.

MEMORANDUM

WANGELIN, District Judge.

This matter is before the Court upon defendant's motion for summary judgment.

This is an action based upon Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* This motion raises an issue as to whether filing requirements imposed by Title VII can be "tolled" by the institution of grievance procedures under a union contract. The Court first examines the relevant facts here which are not in dispute.

Plaintiff began his employment with defendant some time in 1972. He was discharged on January 23, 1974. A short time later he filed a grievance with his union. He then filed a charge of race discrimination with the Equal Employment Opportunity Commission on August 13, 1974, over two hundred (200) days after the date of his discharge. As a result of collective bargaining, plaintiff was reinstated in December of 1974.

■ One jurisdictional prerequisite to suit under Title VII is the filing of a complaint with the E.E.O.C. within one hundred and eighty days (180) of the alleged discrimination. *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); Kaemmerer, *Jurisdictional Prerequisites to Private Actions under Title VII of the Civil Rights Act of 1964*, 41 Mo.L.Rev. 215 (1976). Plaintiff admits that he did not file a charge with the E.E.O.C. within one hundred and eighty days as required by 42 U.S.C. § 2000e–5(e). However, he argues that the filing of a grievance with his union tolled the one hundred and eighty day period. *See Sanchez v. TWA*, 499 F.2d 1107 (10th Cir. 1974).

■ Until recently there was a split of authority as to the tolling issue. *Compare*

*Sanchez, supra* with *Guy v. Robbins & Meyers, Inc.*, 525 F.2d 124 (6th Cir. 1975). However, the holding in *Electrical Workers Local 790 v. Robbins & Meyers, Inc.*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976), has settled the dispute. In that case the Supreme Court considered a factual situation identical to the one here. It held that the remedies provided by a grievance procedure were independent of those provided by Title VII. *See Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Alexander v. Gardner-Denver Co., supra.* An aggrieved employee is free to pursue either or both avenues of relief. Thus the statutory period for filing a claim with the E.E.O.C. is not tolled by arbitration or grievance procedures.

It is clear from *Electrical Workers Local 790 v. Robbins & Meyers, Inc., supra,* that this Court is without jurisdiction to hear plaintiff's complaint. Summary judgment is appropriate and will be granted for defendant.