586 F.2d 6
 18 Fair Empl.Prac.Cas. 1443, 18 Empl. Prac.
Dec. P 8684
Charles EVERSON, on behalf of himself and a class of all
persons similarly situated, Plaintiffs-Appellants,
v.
McLOUTH STEEL CORPORATION and Richard Dicks, Defendants-Appellees.
 No. 76-2426.
 United States Court of Appeals,
Sixth Circuit.
 Argued Oct. 2, 1978.
Decided Nov. 3, 1978.
 
 Cynthia E. Gitt, Employment Discrimination Clinic, Wayne State University Law School, Detroit, Mich., John R. Runyan, Jr., Beer, Boltz & Bennia, Bloomfield Hills, Mich., Kemp, Klein, Endelman & Ralls, Southfield, Mich., for plaintiffs-appellants.
 Earl V. Brown , Jr., Thomas Kienbaum, Dickinson, Wright, McKean, Cudlip & Moon, Detroit, Mich., for defendants-appellees.
 Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and LAWRENCE*, Senior District Judge.
 PER CURIAM.
 
 
 1
 Appellant Everson has appealed from an order of the District Court granting defendant's motion to dismiss his complaint for wrongful discharge, filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, Et seq., and 42 U.S.C. § 1981, as being time barred.
 
 
 2
 Everson was discharged by his employer, McLouth Steel Corporation (McLouth), on February 9, 1970 after Everson had assaulted and fractured the jaw of his foreman, on the premises of the company. In his complaint, however, Everson alleged that his discharge was the product of racial discrimination.
 
 
 3
 At the time of his discharge the applicable statute required Everson to file a charge with the Equal Employment Opportunity Commission (EEOC) within ninety days of the date of his discharge. 42 U.S.C. § 2000e-5(d). The statute was amended in 1972 extending the time to 180 days. 42 U.S.C. § 2000e-5(e). As found by the District Court and admitted by the plaintiff, he did not file his charge with EEOC within the time allotted by either of the above statutes.
 
 
 4
 Everson claimed that the period of limitation was tolled until after he had exhausted his remedies under the grievance procedure provided in the collective bargaining agreement entered into between McLouth and the union and under the claim which he filed with the Michigan Civil Rights Commission. After exhausting these remedies plaintiff's complaint was not filed in the District Court until January 16, 1975.
 
 
 5
 The District Court, relying on our decision in Guy v. Robbins & Myers, Inc., 525 F.2d 124 (6th Cir. 1975), granted McLouth's motion to dismiss the complaint. We in turn relied on the decisions of the Supreme Court in Alexander v. Gardner-Denver Co., 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), and Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). We held that Guy's remedies under the grievance procedures provided in the collective bargaining agreement, under the Michigan Civil Rights Commission, and under Title VII were mutually exclusive, and that plaintiff's failure in Guy to file her charge with EEOC within ninety days after her discharge barred her claim. We further held that Title VII created plaintiff's rights, and that her failure to comply with the statute not only barred her suit but also extinguished her claim.
 
 
 6
 The Supreme Court granted certiorari in Guy and held that the 1972 amendment extending the time of filing the charge to 180 days applied rather than the ninety day period applicable prior to the 1972 amendment. In this respect only was our decision reversed. The Supreme Court upheld our decision in respect to the tolling. Electrical Workers v. Robbins & Myers, Inc., 429 U.S. 229, 236-40, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976).
 
 
 7
 Everson contends that our decision in Guy should not be retroactively applied. He relies on Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). In our opinion Chevron Oil is inapposite. In Guy we applied our ruling retroactively. We did not overturn previously established law.
 
 
 8
 It is clear to us that Congress intended that the remedy under Title VII should be expeditiously exercised. The exercise of alternate procedures in the present case resulted in a delay of nearly five years.
 
 
 9
 The judgment of the District Court is affirmed.
 
 
 
 *
 The Honorable Alexander A. Lawrence, Senior District Judge, United States District Court for the Southern District of Georgia, sitting by designation