Sandra Jarrell **ASHWORTH** et al.

v.

**EASTERN AIRLINES, INC.,** et al.

Civ. A. No. 74-0353-R.

United States District Court,
E. D. Virginia,
Richmond Division.

Jan. 29, 1975.

David R. Cashdan, Berlin, Roisman & Kessler, Robert B. Wallace, Washington, D. C., for plaintiffs.

Paul M. Thompson, Richmond, Va., Herbert Prashker, Gordon J. Davis, New York City, for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiffs, Sandra Jarrell Ashworth and Catherine Moore Norton, bring this class action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., alleging that Eastern Airlines, Inc. discriminates against female flight attendants by imposing upon them, and enforcing against them, stricter weight and appearance standards than those imposed upon and en-

forced against male flight attendants. Defendant Eastern, which has its central office in Miami, Florida, maintains offices in Washington, D. C., where it recruits, interviews, and hires female flight attendants who are, subsequently, often based at National Airport, Arlington, Virginia, and who attend aeroplanes which fly to many of the major cities of the United States. Jurisdiction is conferred by 42 U.S.C. § 2000e–5(f)(3), 28 U.S.C. § 1337, and 28 U.S.C. § 1343(4). The matter comes before the Court on defendant's motion for summary judgment.

### I.

This action was commenced on August 5, 1974, by Sandra Ashworth and Janet Fulsom,[1] former flight attendants with Eastern Airlines. On December 12, 1974, the Court granted the motion of Catherine Moore Norton to be joined as a plaintiff and she was made a party to the action "in the same manner and with like effect as if named an original plaintiff to this cause." On that same day the Court granted plaintiffs leave to amend their complaint to encompass a nationwide class action. Defendant now moves to dismiss plaintiff Ashworth as a party plaintiff for the reason that this Court lacks jurisdiction over her claims because she did not timely file a complaint with the Equal Employment Opportunities Commission ("EEOC") within 180 days of her discharge and defendant also moves this Court for dismissal of plaintiffs' class action claims on the ground that the Court lacks jurisdiction over Ashworth's class claims. For the reasons which follow, the Court must deny both motions.

### II.

Ordinarily, an employment discrimination complainant has 180 days within

---

1. Eastern challenges the standing of plaintiff Janet Fulsom to maintain an action attacking its weight requirements. Since Fulsom has indicated that she wishes to withdraw as a party plaintiff, see plaintiffs' Memorandum in Opposition, December 30, 1974, at 2, the Court will take Eastern's motion for summary judgment on the standing issue under advisement pending Fulsom's formal submission of a motion for dismissal as a party plaintiff.

which to file a discrimination claim with the EEOC. 42 U.S.C. § 2000e–5(e). Whenever an allegedly discriminatory employment practice occurs in a state or locality which contains an agency authorized to remedy the employment practice or seek relief on behalf of the complainant, the complainant must first attempt to exhaust that state or local remedy before seeking relief from the EEOC. 42 U.S.C. § 2000e–5(c); Love v. Pullman Co., 404 U.S. 522, 523–525, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). When exhaustion of state or local remedies is required, a complainant has a lengthened limitations period—300 days or 30 days after receiving notice that the state or local agency has terminated its inquiry, whichever is earlier—within which to file EEOC charges. 42 U.S.C. § 2000e–5(e).

The defendant contends that Ashworth, a resident of Virginia with an employment base at National Airport in Virginia, was governed by the shorter 180 day limitations period because neither Virginia nor Alexandria, her place of residence, had a fair employment practices agency whose procedures she was required to exhaust. The longer limitations period is unavailable to the plaintiff, Eastern maintains, because: (1) the D .C. Office of Human Rights where she first sought relief lacks jurisdiction over Ashworth's claim; (2) Ashworth must have filed initially with a state or local agency in order to take advantage of the 300 day filing period; and (3) she cannot file a charge with the fair employment practices commission of one jurisdiction in order to avail herself of the 300 day limitations period and then, after having been issued a right to sue letter, bring a Title VII suit in an adjacent jurisdiction which does not have a state or local fair employment practices agency. In sum, Eastern argues that since Ashworth's prior filing within 180 days is a jurisdictional prerequisite to her prosecution of this

Title VII action, she must be dismissed as a party plaintiff for failure to comply with the filing requirement. The Court concludes, contra to these contentions, that the 300 day limitation period was available to plaintiff Ashworth and that her EEOC complaint was timely filed.

Plaintiff Ashworth resigned her flight attendant's position with Eastern effective September 16, 1974, because of an asserted "lack of desire, both physically and mentally, to comply with Eastern's weight control program." [2] On March 28, 1972, Ashworth and Mrs. Janet Fulsom attempted to file charges with the D. C. Office of Human Rights ("OHR") but were told that the OHR would not accept their case because it doubted that it had jurisdiction. On March 29, 1972, an attorney retained by Ashworth and Fulsom, wrote the OHR asking for a written opinion on the jurisdictional question. Letter from Betty Southard Murphy to James W. Baldwin, Director, OHR, March 29, 1972. That same day, Ashworth lodged charges with the EEOC in which she alleged that she had been the victim of arbitrary and discriminatory employment practices and that she had been forced by Eastern to resign. The EEOC acting pursuant to 42 U.S.C. § 2000e–5(c), which requires exhaustion of state and local fair employment practice remedies, referred Ashworth's charge to the District of Columbia OHR and stated that it would be unable to accept jurisdiction in Ashworth's case "until the matter [h]ad been deferred for 60 days to" the OHR. Letter from Gwendolyn M. Wells, Director, Washington District Office, EEOC to Sandra Ashworth, April 7, 1972. The OHR wrote Ashworth's attorney on April 20, 1972, that it would accept jurisdiction over Eastern. On the following day, Ashworth filed a complaint with the OHR which reiterated the allegations previously made in her EEOC complaint. On June 7, 1972, sixty-one days after it had referred the Ashworth case to the

---

2. Letter from Sandra Ashworth to Eastern Airlines, Sept. 14, 1971, found in Sandra Jarrell Ashworth Deposition, ex. no. 10.

OHR, see 42 U.S.C. § 2000e–5(d), the EEOC notified Ashworth that it was taking concurrent jurisdiction over her complaint. The EEOC issued Ashworth a right to sue letter on May 7, 1974, and she commenced this law suit August 5, 1974. In sum, although Ashworth filed EEOC charges outside the 180 day limitations period, the OHR took jurisdiction over her case 213 days after the date of her discharge and the EEOC assumed concurrent jurisdiction 262 days after her discharge date.

■ First, the question of the District of Columbia Office of Human Rights' jurisdiction over Eastern Airlines with respect to its allegedly discriminatory weight requirements must be determined by reference to local District of Columbia law. Cf. Klaxon v. Stentor, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). This Court is ordinarily bound by the District of Columbia's determination that it may exercise fair employment discrimination jurisdiction over a foreign corporation doing business in the district, cf. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188 (1938), unless, of course, the connections between Eastern and the District of Columbia are so tenuous that due process would be offended by this Court's validation of the exercise of Office of Human Rights jurisdiction. Compare Home Insurance Co. v. Dick, 281 U.S. 397, 410, 50 S.Ct. 338, 74 L.Ed. 926 (1930) with International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); see Order of United Commercial Travelers v. Wolfe, 331 U.S. 586, 67 S.Ct. 1355, 91 L.Ed. 1687 (1947).

The parties have not cited to the Court any District of Columbia cases on the extent of Office of Human Rights jurisdiction. The specific question of Office of Human Rights jurisdiction over Eastern, although contested in administrative proceedings, has apparently not been litigated. The only data which the Court has upon which to rest a decision that the Office of Human Rights

has jurisdiction over Eastern and its alleged discriminatory weight practices is the assertion of jurisdiction by the Office of Human Rights and the referral by the EEOC of the Ashworth case to the Office of Human Rights, such referral evincing a conclusion on the part of the EEOC that the OHR did indeed have jurisdiction. Lacking the benefit of any District of Columbia cases on the matter, the Court must give some weight to the OHR's assertion of jurisdiction over Eastern. Cf. Bernhardt v. Polygraphic Corp., 350 U.S. 198, 76 S.Ct. 273, 100 L. Ed. 199 (1956). The Court must also give great weight to the EEOC determination that a complainant has met the jurisdictional prerequisites for prosecution of a Title VII action.

■ In administering the exhaustion requirement, the EEOC has developed substantial expertise in determining whether or not a state or local agency may provide a complainant with such relief that its procedures must first be exhausted before charges may be filed with the EEOC. This Court shall give great deference to the EEOC's informed judgment that the OHR, as a local agency, had jurisdiction over the Ashworth action and that Ashworth had to exhaust her local remedy before bringing charges with the EEOC. See Udall v. Tallman, 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965), reh. den. 380 U.S. 989, 185 S.Ct. 1325, 14 L.Ed.2d 283 (1965).

■ Furthermore, the Court cannot conclude that either the EEOC or the OHR has acted unreasonably or arbitrarily under the circumstances. As defendant concedes, Eastern has an office and does business in the District of Columbia; it advertises in the metropolitan newspapers for the position of flight attendant and it recruits employees from its Washington offices. Defendant counters that its "doing business" in the District is not enough to confer jurisdiction over plaintiff's weight discrimination claim upon the OHR. Relying on 42 U.S.C. § 2000e–5(c) and (d), Eastern

asserts that the OHR has jurisdiction only over employment discrimination practices which occur in the District and argues that since the allegedly discriminatory practice took place at National Airport in Virginia, the OHR lacks jurisdiction to remedy the alleged discrimination. There is evidence in the record, however, which indicates that Eastern maintains and enforces its allegedly discriminatory weight requirements within the District of Columbia. For example, plaintiff Norton was interviewed on two occasions at Eastern offices in the District of Columbia for the position of flight attendant. She was rejected for a position after the first interview for failure to comply with Eastern's weight requirements. After losing the required weight, she was interviewed again and hired. Affidavit of Catherine Moore Norton, Jan. 6, 1975. Plaintiff Ashworth, in fact, reapplied for a job with Eastern in the Spring of 1973 and was interviewed for that position at Eastern's District of Columbia office. One of the requirements which plaintiff Ashworth had to meet for reemployment, presumably, was compliance with Eastern's weight control standard. On the present state of the record, then, the Court cannot conclude that the EEOC acted unreasonably in deferring to the OHR.

■ Second, defendant argues that the 300 day limitation only applies when "the person aggrieved has initially instituted proceedings with a State or local agency." 42 U.S.C. § 2000e–5(e). The 300 day limitation period is unavailable to plaintiff Ashworth, defendant concludes, because she initially instituted charges with the EEOC, rather than with the OHR. Courts have not construed this "initially instituted" language as strictly as defendant would contend. A charge has been held "initially instituted" with a state agency if it was first filed with the EEOC and

then referred to the OHR, as in the instant case. Payne v. Ford Motor Co., 334 F.Supp. 172, 176 (E.D.Missouri 1972), rev'd. on other grounds, 461 F.2d 1107 (10th Cir. 1972); See Love v. Pullman Co., *supra*, 404 U.S. 522, 525, 92 S. Ct. 616, 30 L.Ed.2d 679 (1972). Since the plaintiff first filed a charge with the EEOC and the EEOC referred that charge to the OHR, plaintiff "initially instituted" her charges with the OHR within the meaning of § 2000e–5(e) and is, therefore, entitled to the 300 day limitation period.

■ Eastern also contends that plaintiff Ashworth is precluded from filing a Title VII action in this jurisdiction because she previously filed charges with a local agency in another jurisdiction. Plaintiff, to the contra, is subject to no such circumscription. This Court has concurred in the determinations of the OHR and the EEOC that the former body had jurisdiction over plaintiffs' jurisdiction charges. Subsequent to those determinations, the EEOC furnished plaintiff with a "right to sue" letter which entitled plaintiff to bring a Title VII suit "in the United States District Court for the areas where [she] live[s]." [3]

■ Finally, the Court concludes that both Ashworth and Norton are at least tentatively representative plaintiffs for purposes of maintaining a class action challenging Eastern's weight requirements and, therefore, defendant's motion to dismiss the class action aspects of this lawsuit will be denied.

Pursuant to the Court's previously stated acquiescence, all hearings which may be required in this cause will be conducted, upon the request of counsel, in the Alexandria Division of the Court. Counsel are admonished, however, to file all pleadings with the Clerk's Office in the Richmond Division.

An appropriate order shall enter.

3. While EEOC's characterization of the venue provision of Title VII is erroneous, see 42 U.S.C. § 2000e–5(f)(3), the Court has previously held that the filing of this action in the Richmond Division of this district was appropriate. Mem.Decis. at 3–4 (Oct. 22, 1974).