Mary GREENE, Appellant,

v.

CARTER CARBURETOR CO., Appellee.

No. 75–1713.

United States Court of Appeals,
Eighth Circuit.

Submitted March 11, 1976.

Decided April 2, 1976.

Stanley E. Goldstein, Goldstein & Hales, Clayton, Mo., for appellant.

Thomas C. Walsh, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for appellee. Hollye E. Stolz, St. Louis, Mo., appeared on brief.

Before VOGEL and VAN OOSTERHOUT, Senior Circuit Judges, and BRIGHT, Circuit Judge.

VAN OOSTERHOUT, Senior Circuit Judge.

Plaintiff Mary Greene has taken this timely appeal from an order dismissing her complaint and an order denying her motion for reconsideration. Plaintiff's complaint is in three counts. Count I is based on alleged racial discrimination in her discharge by the defendant and other discriminatory acts. Count II is based on alleged sex discrimination and charges the same discriminatory acts. Both Counts I and II are brought under Title VII of the Civil Rights Act of 1964.[1] Count III is based on alleged racial discrimination, charges the same discriminatory acts as Counts I and II, and seeks relief under 42 U.S.C. § 1981 (1970).

Defendant employer, Carter Carburetor Company, filed a motion to dismiss all three counts of the complaint. The motion to dismiss Counts I and II was based on the contention that the allegedly discriminatory conduct last occurred on February 6, 1970, the date of plaintiff's discharge, and that the court lacked jurisdiction by reason of plaintiff's failure to file written charges with the Equal Employment Opportunity Commission (EEOC) within the time required by Title VII. The motion to dismiss Count III was based on the contention that the § 1981 cause of action was barred by

the statute of limitations. The court sustained the motion to dismiss as to all counts and dismissed plaintiff's 'complaint by order dated July 15, 1975. It denied plaintiff's motion for reconsideration on August 6, 1975.

As grounds for reversal, plaintiff urges:

I. The court erred in determining that it lacked jurisdiction over Counts I and II because it erroneously concluded that plaintiff had failed to meet the time limitation requirement for filing a charge with the EEOC.

II. The court erred in ruling that Count III, based on § 1981, was barred by § 516.120 R.S.Mo. (1969).

We reject such contentions for the reasons hereinafter set out and affirm.

I.

█ The timely filing of a charge of discrimination with the EEOC is a prerequisite to court action under Title VII. *Olson v. Rembrandt Printing Co.*, 511 F.2d 1228, 1231 (8th Cir. en banc 1975); *Terry v. Bridgeport Brass Co.*, 519 F.2d 806, 807 (7th Cir. 1975).

█ Plaintiff was discharged by defendant on February 6, 1970, and did no work for the defendant after that date. She continued on the payroll until March 3, 1970, likely because of fringe benefits. In *Olson, supra* at 1234, we squarely held that the termination of employment puts at rest the employment discrimination because the discharged individual is no longer an employee. We further held that the date of discharge or resignation is the controlling date and that a charge of employment discrimination must be filed in relation to such date. *Id.* Thus the time for filing the required charge in the present case commenced to run on the date of the discharge, February 6, 1970.

On February 6, 1970, 42 U.S.C. § 2000e–5(d) required that detailed written charges of discrimination be filed with the EEOC

---

1. 42 U.S.C. § 2000e et seq. (1970), *as amended*, 42 U.S.C. § 2000e et seq. (Supp. IV, 1974) (incorporating Equal Opportunity Act of 1972, Pub.L.No.92–261, 86 Stat. 103).

within 90 days after the unlawful employment practice. This statute was amended in 1972, effective March 24, 1972, was renumbered 42 U.S.C. § 2000e–5(e), and in respects here material increased the filing time from 90 to 180 days. The district court, as a basis for dismissal of Counts I and II, stated:

> By affidavit defendant shows that plaintiff was discharged from her employment with defendant on February 6, 1970, and that she executed a charge of discrimination before the Equal Employment Opportunity Commission on June 8, 1971. Plaintiff's May 30, 1975 brief adverts to the fact that she processed a discrimination charge before the Office of Federal Contract Compliance. However, no extra-pleading material has been filed by plaintiff to substantiate this argument. From the record of the action it appears that plaintiff failed to file a complaint with the Equal Employment Opportunity Commission within 180 days after her discharge. Therefore, Counts I and II will be dismissed for lack of subject matter jurisdiction. Fed.R.Civ.Pro. 12(b)(1). *Olson v. Rembrandt Printing Co.*, 511 F.2d 1228 . . . . .

The trial court, without assigning a reason therefor, proceeded on the basis that the plaintiff had 180 days to file her discrimination charge with the EEOC.[2]

■ The burden is on the plaintiff to plead and prove that her cause of action is within the jurisdiction of the court. *United States v. Mississippi Valley Barge Line Co.*, 285 F.2d 381, 387 (8th Cir. 1960). We agree with the heretofore quoted findings of the trial court that the plaintiff has failed to establish that she has complied with the filing statute within 180 days. This is true even if plaintiff's affidavit, belatedly filed

with her motion to reconsider, is accepted. The claim on its face shows that it was made on an OFCC form and that it was not filed with the OFCC until September 3, 1970, which date is more than 180 days after the discharge. No valid reason is assigned for not filing the claim earlier. Since no claim was filed with either the OFCC or the EEOC within the 180 days, we need not consider plaintiff's contention that the OFCC was by memorandum or agreement an authorized agent of the EEOC to receive EEOC charges.

Plaintiff contends that the time for filing charges with the EEOC is tolled while plaintiff is invoking other available remedies. We do not address that issue since no OFCC written claim was filed within the applicable 180-day period. OFCC complaints, like EEOC charges, must be filed in writing. 41 C.F.R. § 60–1.21 (1974).

## II.

■ The trial court correctly determined that Count III was barred by § 516.120 R.S.Mo. (1969). *See Green v. McDonnell Douglas Corp.*, 463 F.2d 337 (8th Cir. 1972), vacated on other grounds, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Plaintiff's argument that the statute of limitations is tolled while plaintiff was seeking other remedies is foreclosed by *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975). The last discriminatory act, plaintiff's discharge, occurred on February 6, 1970. Plaintiff's present suit was filed on February 28, 1975, more than five years after the wrongful acts charged, and is thus barred by the applicable five-year Missouri statute of limitations, § 516.120.

---

2. Defendant makes a strong argument in support of its contention that the 90 day filing period provided for in the original statute applies. *See Guy v. Robbins & Myers, Inc.*, 525 F.2d 124 (6th Cir. 1975); *Terry v. Bridgeport Brass Co.*, 519 F.2d 806 (7th Cir. 1975). The amendment extending the filing period became effective March 24, 1972, more than two years after the alleged wrongful discharge. Our present case is distinguishable from *Davis v. Valley Distributing Co.*, 522 F.2d 827 (9th Cir. 1975). In that case the 1972 amendment became effective within 180 days of the wrongful act and the notice was served within 180 days of the wrongful act. Since we are in agreement with the trial court that the appropriate notice was not served within the 180 days, we need not and do not decide in this case whether the 90 day filing period applies.

The court committed no error or abuse of discretion in denying plaintiff's motion for reconsideration.

The judgment dismissing plaintiff's complaint in its entirety is affirmed.