**Ralph H. ST. AUBIN, Plaintiff,**

v.

**TRANSCON LINES, INC., a corporation, Defendant.**

Civ. No. 75–0–233.

United States District Court, D. Nebraska.

Oct. 14, 1976.

Benjamin M. Wall, Omaha, Neb., for plaintiff.

R. A. Skochdopole, Omaha, Neb., for defendant.

Charles S. Hodge, Washington, D. C., for EEOC, amicus curiae.

## MEMORANDUM AND ORDER

DENNEY, District Judge.

This matter comes before the Court upon the motion of the defendant, Transcon Lines, Inc., to dismiss the portion of the plaintiff's complaint based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, as amended, or in the alternative for partial summary judgment. The motion asserts that the Court lacks jurisdiction of the subject matter because the plaintiff failed to file written charges with the Equal Employment Opportunity Commission [EEOC] within 180 days after the allegedly discriminatory conduct occurred, as required by 42 U.S.C. § 2000e–5(e).

The timely filing of a charge with the EEOC is a jurisdictional prerequisite to commencement of a Title VII suit. *See Smith v. Office of Economic Opportunity,* 538 F.2d 226, 228 (8th Cir. 1976); *Olson v. Rembrandt Printing Co.,* 511 F.2d 1228, 1231 (8th Cir. 1975). The statute as amended, effective March 24, 1972, increased the filing period from 90 to 180 days after the occurrence of the alleged unlawful employment practice. *Greene v. Carter Carburetor Co.,* 532 F.2d 125, 127 (8th Cir. 1976).

The burden of pleading and proving that his cause of action is within the jurisdiction of the Court rests with the plaintiff. *Id., citing United States v. Mississippi Barge Line Co.,* 285 F.2d 381, 387 (8th Cir.

1960). The plaintiff invokes the provision in 42 U.S.C. § 2000e–5(e) which extends the filing period if the aggrieved party has instituted proceedings with a state or local agency which has authority to grant or seek relief from the unlawful practice. In this event, the charge must be filed with the EEOC within 300 days of the unlawful practice or within 30 days after the aggrieved person has received notice that the state or local agency has terminated proceedings, whichever is earlier.

The plaintiff, Ralph St. Aubin, filed a complaint with this Court on June 19, 1975 stating that during his employment with the defendant as a dispatcher, he was repeatedly harassed and insulted for associating with a black employee. In addition, the plaintiff attributes the termination of his employment on February 28, 1974 to retaliation for his friendship with black employees.

Plaintiff waited over eight months from the date of his discharge before filing charges with the EEOC on December 3, 1974. However, during that period, he submitted a complaint, subsequently amended on April 11, 1974, to the Human Relations Department of the city of Omaha on March 22, 1974. Therefore, the issue before the Court for purposes of the motion to dismiss is whether the Omaha Human Relations Department was "a State or local agency with authority to grant or seek relief" from an alleged unlawful employment practice within the meaning of 42 U.S.C. § 2000e–5(e) in March or April, 1974, so as to extend the period within which the plaintiff was required to file with the EEOC.

The Court has granted a motion filed by the EEOC to participate in this action as amicus curiae in opposition to the defendant's motion to dismiss. The defendant would restrict the meaning of "state or local agency with authority to grant or seek relief" to those agencies which have been officially designated by the EEOC as "deferral" or "706" agencies within 42 U.S.C. § 2000e–5(a)–(e) and which have been identified as such by publication in the *Federal*

*Register* pursuant to 29 C.F.R. § 1601.-12(i)(1). Therefore, as published notice that the Omaha Human Relations Department and the Nebraska Equal Opportunity Commission were to be considered "deferral" agencies did not appear in the *Federal Register* until 1975, the defendant concludes that instituting proceedings with these agencies prior to 1975 could not operate to extend the deadline for notifying the EEOC of a claim.

The EEOC argues that the origin of "deferral" agencies and their purpose is to be traced to the restriction in 42 U.S.C. § 2000e–5(c) that charges are not to be filed with the EEOC until 60 days after an aggrieved person has instituted proceedings before state or local authorities in those states in which agencies have been established by state or local law to afford redress for unfair employment practices. The purpose of 42 U.S.C. § 2000e–5(c)[1] is "to give state agencies a prior opportunity to consider discrimination complaints . . . ." *Love v. Pullman Co.*, 404 U.S. 522, 526, 92 S.Ct. 616, 618, 30 L.Ed.2d 679 (1972).

In addition, the Commission is required by 42 U.S.C. § 2000e–5(b) to accord substantial weight to state or local agency findings in determining whether there is reasonable cause to believe that a charge is true. As a result, the EEOC has, in its words, "adopted an elaborate procedure for designating state and local agencies whose findings it would give due weight."[2] The Commission argues that such designation of state and local "deferral" agencies has no other purpose and was not intended to limit or define the agencies with which a charge could be

filed to comply with 42 U.S.C. § 2000e–5(c) and (e).

The Commission reasons that it has no power unilaterally to decide which agencies do or do not meet the statutory definition in 42 U.S.C. § 2000e–5(a)–(e). As a result, the EEOC asks the Court to make an independent assessment whether the Omaha Human Relations Department was a local agency with authority to grant or seek relief from the employment practices of which Ralph St. Aubin complained in 1974.

Title 14, Chapter 14.04, of the Omaha, Nebraska, Municipal Code contains the Fair Employment Practices Ordinance, parts of which were enacted from 1971 to 1974. Ordinance number 26217 was in effect when Mr. St. Aubin filed charges with the Human Relations Department in 1974. That ordinance defined certain prohibited employment practices including racial discrimination in any aspect of employment, Section 14.04.020; conferred authority on the Omaha Human Relations Department to administer the law, Section 14.04.060; empowered the Department to receive and investigate complaints, to seek elimination of unfair practices by conference, conciliation and persuasion, and to issue cease and desist orders, Section 14.04.080; and authorized the Department to seek enforcement in the District Court of Douglas County, Nebraska, Section 14.04.100. The provisions continue in effect. *See* Omaha, Nebraska, Municipal Code §§ 14.04.010 *et seq.* (June, 1976 Ed.). Thus the Omaha Human Relations Department was a local agency authorized by local law to grant or seek relief from unfair employment practices of the kind alleged by Mr. St. Aubin in 1974.[3]

---

1. Before amendment in 1972, subsection (c) of 42 U.S.C. § 2000e–5 was lettered subsection (b) and (e) was (d).

2. Amicus curiae brief of the Equal Employment Opportunity Commission [Filing # 13] at 6.

3. In *Gen. Ins. Co. of Am. v. Equal Employment Opportunity Comm'n.*, 491 F.2d 133 (9th Cir. 1974), the court rejected the argument that a state or county prosecutor could qualify as an agency authorized to grant or seek relief from unlawful employment practices or to institute criminal proceedings with respect thereto. In

order to toll the period within which a complaint must be filed with the EEOC,

> [w]hat the section requires is a showing of such state concern in the specific area of unfair employment practices as to result in the establishment or authorizing of an agency to act in this area. *Id.* at 135.

Moreover the court rejected the local Industrial Welfare Committee as an inappropriate agency under 42 U.S.C. § 2000e–5(c) and (e) because it had no power or function to remedy sex discrimination, the charge in that case, but instead was established to recommend protective legislation concerning wages and working condi-

In addition, interpretations of the procedural requirements of Title VII by the EEOC, as the agency primarily responsible for enforcement of the Act, are to be accorded "considerable deference." *Egelston v. State Univ. College at Geneseo,* 535 F.2d 752, 755 n. 4 (2nd Cir. 1976); *Ashworth v. Eastern Airlines, Inc.,* 389 F.Supp. 597, 600 (E.D.Va.1975). The EEOC contends that by prior resort to the Omaha Human Relations Department, Mr. St. Aubin became entitled to the statutory extension in which to file with the federal commission. Acting in accordance with that position, the EEOC issued a "right to sue" letter to Mr. St. Aubin on June 9, 1975, and within ten days he sought relief in this Court.

The Court notes that the "labyrinthine" procedural requirements of Title VII have generated some concern, particularly as proceedings under the Act are usually initiated by laymen. *See Egelston v. State Univ. College at Geneseo, supra,* at 754. "Were we to interpret the statute's procedural prerequisites stringently, the ultimate result would be to shield illegal discrimination from the reach of the Act." *Id.* As a result, when possible, courts have interpreted the procedural complexities of Title VII with "flexibility."[4] *Id. See also Love v. Pullman Co.,* 404 U.S. 522, 527, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972); *Sanchez v. Trans World Airlines, Inc.,* 499 F.2d 1107, 1108, (10th Cir. 1974); *Voutsis v. Union Carbide Corp.,* 452 F.2d 889, 892, 893 n. 8 (2nd Cir. 1971) and cases cited therein; *Blue Bell Boots, Inc. v. Equal Employment Opportunity Comm'n,* 418 F.2d 355, 357 (6th Cir. 1969); *Ashworth v. Eastern Airlines, Inc., supra,* at 601.

▇ Mr. St. Aubin acted diligently to protect his rights. The Court finds that within one month of his discharge he sought the aid of a local agency with au-

thority to grant or seek relief from discriminatory employment practices, and that he thereby became entitled to the statutory extension of time in which to file his complaint with the EEOC. That complaint was therefore timely. Limiting the defendant's pleading to a motion to dismiss for lack of jurisdiction of the subject matter, Fed.R. Civ.P. 12(b)(1),

IT IS HEREBY ORDERED that the defendant's motion is denied.

---

tions for minors and women. Mr. St. Aubin, on the other hand, sought relief from an agency specifically empowered to deal with the kind of discrimination he allegedly encountered.

4. See, for example, *Equal Employment Opportunity Comm'n v. Nicholson File Co.,* 408 F.Supp. 229, 234–35 (D.Conn.1976), in which the court found that the plaintiff's prior institu-

tion of proceedings with the Office of Federal Contract Compliance tolled the limitations period for filing with the EEOC, under 42 U.S.C. § 2000e–5(e). The basis for the court's decision was its desire to avoid frustrating the policies underlying the Act by a strict application of the limitations period. *Id.* at 234.