Josephine WELLS, Appellant,

v.

SHERWOOD MEDICAL INDUSTRIES, INC., et al., Appellees.

No. 76–1116.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 9, 1976.

Decided Feb. 23, 1977.

Charles R. Oldham, St. Louis, Mo., for appellant.

Timothy L. Stalnaker, St. Louis, Mo., for appellees; D. J. Sullivan, St. Louis, Mo., on brief.

Marleigh Dover Lang, EEOC, Washington, D.C., for amicus curiae, EEOC; Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Jr., Associate Gen. Counsel, and Beatrice Rosenberg, Charles L. Reischel, Attys., EEOC, Washington, D.C., on brief.

Before GIBSON, Chief Judge, and HEANEY and HENLEY, Circuit Judges.

HEANEY, Circuit Judge.

Josephine Wells appeals from the grant of summary judgment in favor of defendant Sherwood Medical Industries on the ground that her suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* was not timely filed. We reverse because we find that there are disputed issues of fact.

Wells was one of nine employees who filed a charge of racial discrimination against Sherwood which was received by the Equal Employment Opportunity Commission (EEOC) on April 7, 1970. The employees identified themselves the "Black Employees of Sherwood Medical Industries." Each employee, including Wells, signed the charge. The charge designated Willie Thompson as the chairman and other individuals as the co-chairman and recording secretary.

On October 31, 1972, each of the nine employees who signed the charge was issued a determination letter which stated that the EEOC found reasonable cause to believe that the charge was true and that an EEOC representative would "be in contact with each party in the near future to begin the conciliation process." However, only Thompson was contacted with respect to further processing of the charge by the EEOC. Thompson was issued a right-to-sue letter by the EEOC on January 6, 1975, but he never filed suit. Wells expressly denied having actual notice of the right-to-sue letter received by Thompson, being informed by any other individual of her right to file a civil action or authorizing Thomp-son to receive notice of right to sue on her behalf.

Wells requested a right-to-sue letter from the EEOC which was issued to her on September 10, 1975. This action was filed on November 14, 1975, within ninety days of the issuance of a right-to-sue letter to her by the EEOC but more than ten months after a right-to-sue letter was issued to Thompson.

■ The District Court found that Wells was attempting to "subvert" the jurisdictional requirements of Title VII,[1] and granted the defense motion for summary judgment. We do not understand the sense in which the court used the term "subvert" as there is no evidence that Wells was in anything but good faith in bringing her action. Implicit in the decision of the District Court, however, is the conclusion that the charge filed with the EEOC was filed by an association and thus members of the association were bound by the failure of the chairman of the association, Willie Thompson, to file suit within ninety days of the issuance of a right-to-sue letter to him.

Both associational and individual complaints have always been permitted under Title VII. "Person" is defined for the purpose of Title VII to include "one or more individuals," "associations" and "unincorporated associations." 42 U.S.C. § 2000e(a). There has not, however, always been statutory authority for an individual to file a charge on behalf of another individual or association claiming to be aggrieved. It was not until 1972 that Title VII was amended to authorize an individual to bring charges on behalf of another individual and to grant the EEOC authority to receive and

---

1. The jurisdictional prerequisites that must be satisfied before an individual is entitled to bring a lawsuit under Title VII are met when he or she has

    (1) filed timely a charge of employment discrimination with the Commission, and (2) received and acted upon the Commission's statutory notice of the right to sue.

*Alexander v. Gardner-Denver Company,* 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). A suit is timely if filed within ninety days from the issuance of a right-to-sue letter. 42 U.S.C. § 2000e–5(f)(1). *See Hinton v. CPC International, Inc.,* 520 F.2d 1312, 1315 (8th Cir.1975).

    In this case, the filing of a timely charge with the EEOC is not disputed. Instead, the focus is upon whether Wells brought this action within the ninety-day filing period.

process such charges. 42 U.S.C. § 2000e–5(b).[2] Thus, at the time the charge was filed, the EEOC had no authority to accept complaints made by one individual on behalf of another individual. However, a number of individuals could simultaneously file a single charge on their own behalf with the EEOC. *See Antonopulos v. Aerojet-General Corporation*, 295 F.Supp. 1390, 1393–1394 (E.D.Cal.1968).

■ In considering whether the charge here was filed by a number of individuals on their own behalf or by an association, we look to all of the surrounding facts and circumstances including the charge itself, the intent of the parties and the treatment of the charge by the EEOC.[3] The nature of the charge filed here with the EEOC is not apparent from its face. The charge lists the "Black Employees of Sherwood Medical Industries" as the name of the "person" filing the charge, but the charge was signed individually by nine employees. While the charge designated certain individuals as officers of the group, there was no indication that any of them were authorized to act on behalf of the group. On the motion for summary judgment, we must accept Wells' express denial that she authorized Thompson, as chairman of the group, to act on her behalf. The address listed on the charge is not that of Thompson.[4] Under these facts, conflicting inferences as to the intent of the charging parties can be drawn.

Conflicting inferences as to whether the EEOC treated the charge as an associational or as an individual complaint can also be drawn from the manner in which the charge was processed by the EEOC. Initially, on October 31, 1972, the EEOC issued a determination letter to each of the employees listed on the charge.[5] The caption of the case on the determination letter designated the charging party to be "Willie Thompson, et al, 1459 Rutger Lane, St. Louis, Missouri 63104 v. etc." The address listed is the home address of Thompson and not the one listed on the charge, in the blank provided. The findings of probable cause by the EEOC were expressed in terms of discrimination against black Sherwood employees generally rather than specifically referring to the claims of the nine employees signing the charge. However, the EEOC appears to have further processed the charge and attempted conciliation only with respect to Thompson. After issuing the determination letter, the next communication that the EEOC had with any of the charging parties was a letter to Thompson, dated February 5, 1973, stating that conciliation had been unsuccessful and captioned only "Willie Thompson, v. etc." In a letter dated August 29, 1974, he was informed that the case had been rejected for court action by the EEOC. That letter was captioned "Thompson v. etc." Finally, on January 6, 1975, Thompson was issued a right-to-sue letter captioned "Thompson, Willie v.

**2.** In 1964, the House version of Title VII contained a similar provision, but it was deleted by the Senate when it adopted the Dirksen-Mansfield substitute for the House version. 110 Cong.Rec. 12819 (1964).

**3.** In *Moore v. Sunbeam Corp.*, 459 F.2d 811 (7th Cir.1972), it was held that a document submitted by the plaintiff should not be considered to be a charge since "it was neither intended by Moore nor interpreted by the EEOC as a discrimination charge." *Id.* at 822, n.27. In *Cox v. United States Gypsum Company*, 409 F.2d 289, 291 (7th Cir.1969) and *Choate v. Caterpillar Tractor Company*, 402 F.2d 357, 360 (7th Cir.1968), the decision by the EEOC to process a charge was considered relevant to the determination of the adequacy of the charge. EEOC action is not, of course, determinative. In *Beverly v. Lone Star Lead Const.*

*Corp.*, 437 F.2d 1136 (5th Cir.1971), the Court stated:

> We are convinced that Congress did not intend to make the EEOC final arbiter of complainant's rights.

*Id.* at 1138.

**4.** At oral argument, counsel for the appellee stated that the address given is the one listed in the phone book for ACTION, but no one contends that the charge was filed by ACTION as an association, nor is there any indication that Thompson was an officer of ACTION.

**5.** The EEOC Procedural Regulations in effect at that time required notification to be made to both the respondent and the aggrieved person or persons. 29 C.F.R. § 1601.25 (1972). Notice is now also required to be made to the individual who files a charge on behalf of an aggrieved person or persons. 29 C.F.R. § 1601.25 (1975).

etc." The cover letter was, however, captioned "Thompson et al. v. etc." This caption was the only indication in any of the correspondence of the EEOC sent just to Thompson that other than individual communications were intended. It should also be noted that we are not dealing with a permanent group or association such as a union. Indeed, there is no evidence in the record that the group had any existence outside the initial filing of the charge in 1970. Nor is there any evidence as to whether Thompson was a Sherwood employee when he was further contacted by the EEOC.

The party opposing a motion for summary judgment is to be given the benefit of all reasonable doubts in determining whether genuine issues of fact exist. *See McSpadden v. Mullins,* 456 F.2d 428, 430 (8th Cir.1972); *United States v. Farmers Mut. Ins. Ass'n of Kiron, Iowa,* 288 F.2d 560, 562 (8th Cir.1962). Summary judgment is an extreme remedy and only to be granted where no genuine issues of fact are demonstrated. *See Anderson v. Viking Pump Div., Houdaille Industries,* 545 F.2d 1127 (8th Cir. 1976). In light of the factual conflicts indicated above, summary judgment was improperly granted by the District Court. We, therefore, have no alternative but to remand the matter to the District Court. The question remains as to where the burden of proving the nature of the charge lies. In our view, once Wells established that she filed this action within ninety days of receiving a right-to-sue letter, the burden shifted to Sherwood to demonstrate she was obligated to file the action at an earlier date.[6] To hold otherwise would defeat the broad remedial purposes of Title VII. *See Love v. Pullman Co.,* 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972); *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924 (5th Cir.1975).

6. It is suggested that Wells' claim might be barred by laches. *Franks v. Bowman Transportation Company,* 495 F.2d 398, 406 (5th Cir. 1974), *rev'd on other grounds,* 424 U.S. 747, 96

The appellant is granted $250.00 in attorney fees and costs on appeal are taxed to the appellee.

We reverse and remand this action to the District Court for proceedings consistent with this opinion.

S.Ct. 1251, 47 L.Ed.2d 444 (1976). Since the District Court did not reach this issue, we do not consider it here.