**Ossie L. CUMMINGS, Plaintiff,**

v.

**Dominick D'AMBROSIO et al., Defendants.**

**Civ. No. 78–0–157.**

United States District Court, D. Nebraska.

Oct. 20, 1978.

---

Clyde A. Christian, Omaha, Neb., for plaintiff.

David D. Weinberg, Omaha, Neb., Kenneth R. Loebel, Milwaukee, Wis., for defendants.

## MEMORANDUM AND ORDER

DENNEY, District Judge.

This matter comes before the Court upon the motion [Filing # 24] of the defendants to dismiss the portion of plaintiff's complaint based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, as amended, or in the alternative for summary judgment. The motion asserts that there exists no material issue of fact in that plaintiff has failed to timely comply with the provisions of 42 U.S.C. § 2000e–5(c) and 42 U.S.C. § 2000e–5(d). In addition, the plaintiff, in his motion in opposition, requests that the Court order the defendants to file answers to plaintiff's first set of interrogatories [Filing # 25].

On June 15, 1978, the defendants filed a motion to dismiss [Filing # 16], contending that the plaintiff failed to fulfill the exhaustion requirement of initial resort to a state or local agency authorized to grant or seek relief before filing a charge with the EEOC. See 42 U.S.C. § 2000e–5(c) and (d).

On July 26, 1978, this Court issued a Memorandum and Order [Filing # 20] requiring plaintiff to initiate compliance with the deferral requirements of Section 2000e–5(c) and to file an affidavit with the Court setting forth his efforts to achieve such compliance.

Thereafter, on August 8, 1978, the plaintiff offered a letter from the Nebraska Equal Opportunity Commission in support of his affidavit submitted in compliance with the Court's order of July 26, 1978 [See Filing # 21]. The letter stated that the charge was too untimely for the administrative processes of the Nebraska Commission since more than 180 days had passed since the occurrence of the alleged unlawful employment practice. See Neb.Rev.Stat. §§ 48–1101, 1125 (Reissue 1974). The letter further indicated that the EEOC had handled the complaint and had deferred the matter to the State of Wisconsin, Depart-

ment of Industry, Labor and Human Relations, but the Wisconsin agency did not process the charge [Filing # 21, Exhibit A].

Subsequently, on August 10, 1978, the plaintiff submitted another affidavit [Filing # 22] containing additional information from the Milwaukee District Office of the EEOC. The additional information indicates that the charge was filed with the EEOC in Milwaukee, Wisconsin (where the defendants reside). On March 8, 1976, the EEOC deferred the charge to the State of Wisconsin, Department of Industry, Labor and Human Relations, Equal Rights Division. Thereafter, on March 17, 1976, the Wisconsin agency reported that it would not process the charge. Since the discriminatory act occurred in a different state, the agency believed that the complaint was not within its jurisdiction [Filing # 21, Exhibit A]. However, on October 21, 1977, the EEOC proceeded to make a determination finding that the defendants had committed no violations of the Act and issued a "right to sue" letter which the plaintiff filed with this Court on January 11, 1978 [Filing # 14, Exhibit B].

In light of the information presented by the plaintiff in his affidavits, the defendants contend that neither the plaintiff nor the EEOC filed a timely charge with the appropriate agency, the Nebraska EEOC, in accordance with Sections 2000e–5(b), (c) and (d). Defendants further contend that since there was an improper deferral the EEOC had no jurisdiction to make a determination.

*Applicable Law*

An employment discrimination complainant has 180 days within which to file a discrimination claim with the EEOC. 42 U.S.C. § 2000e–5(e). When an allegedly discriminatory employment practice occurs in a state or locality which maintains an agency authorized to remedy the employment practice or seek relief on behalf of the complainant, the complainant must first attempt to exhaust the state or local remedy before seeking relief from the EEOC. 42 U.S.C. § 2000e–5(c); *Love v. Pullman*, 404

U.S. 522, 523–25, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). When exhaustion of a state or local remedy is required, a complainant has a lengthened limitations period—300 days or 30 days after receiving notice that the state or local agency has terminated its inquiry, whichever is earlier—within which to file EEOC charges. 42 U.S.C. § 2000e–5(e).

*Discussion*

Upon examining the record, the Court perceives the problem as a failure by the EEOC to defer to the appropriate state agency. The charge was timely filed with the EEOC, which in turn deferred to the Wisconsin state agency. Despite the fact that the Wisconsin agency declined to accept jurisdiction, the EEOC never deferred to the Nebraska state agency but instead made a determination. The EEOC stated in its determination that the timeliness, deferral and all other jurisdictional requirements had been met. "The Court must . . . give great weight to the EEOC determination that a complainant has met the jurisdictional prerequisites for prosecution of a Title VII action." *Ashworth v. Eastern Airlines, Inc.*, 389 F.Supp. 597, 600 (E.D.Va.1975).

The fact that the deferral went to the wrong state agency was the fault of the EEOC, not the plaintiff. In *St. Aubin v. Transcon Lines, Inc.*, 420 F.Supp. 972, 975 (D.Neb.1976), this Court wrote:

The Court notes that the "labyrinthine" procedural requirements of Title VII have generated some concern, particularly as proceedings under the Act are usually initiated by laymen. *See Egelston v. State Univ. College at Geneseo*, [535 F.2d 752] *supra*, at 754. "Were we to interpret the statute's procedural prerequisites stringently, the ultimate result would be to shield illegal discrimination from the reach of the Act." *Id.* As a result, when possible, courts have interpreted the procedural complexities of Title VII with "flexibility." *Id. See also Love v. Pullman Co.*, 404 U.S. 522, 527, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972); *Sanchez v. Trans World Airlines, Inc.*, 499 F.2d 1107, 1108

(10th Cir. 1974); *Voutsis v. Union Carbide Corp.,* 452 F.2d 889, 892, 893 n. 8 (2nd Cir. 1971) and cases cited therein; *Blue Bell Boots, Inc. v. Equal Employment Opportunity Comm'n,* 418 F.2d 355, 357 (6th Cir. 1969); *Ashworth v. Eastern Airlines, Inc., supra,* at 601. This is especially true where the complainant has acted diligently to protect his rights, as the plaintiff has in the instant case.

 In sum, the plaintiff should not have to bear the burden of the EEOC mistakes in deferral when the plaintiff relies on the EEOC to defer the case rather than implementing the state procedures himself. The cogent language in *McAdams v. Thermal Industries, Inc.,* 428 F.Supp. 156, 161 (W.D. Pa.1977), sufficiently answers the defendants' contentions.

> The purpose of deferral to state authorities is to permit as a matter of comity local authorities to work out their own problems. *See* 110 Cong.Rec. 13087 (1964). By creating this state exhaustion requirement, Congress did not intend to saddle individuals with burdensome legal technicalities or jurisdictional pitfalls. In a scheme in which aggrieved persons untrained in the law very often initiate the administrative process *pro se, see Love v. Pullman, supra,* at 527, and in which the only enforcement power is vested in the federal courts, the individual's access to the courts must be vigorously protected. *See Davis v. Valley Distributing Co.,* 522 F.2d 827, 832 (9th Cir. 1975); *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 460–61 (5th Cir. 1970). *Thus, when an individual makes a good faith effort to comply with the administrative process by filing charges with the EEOC and relies on the special expertise of the EEOC to implement proper procedures, including deferral to the proper state agency, he should not be barred from suit.* This result in no way permits circumvention of the conciliation process, since the EEOC must proceed with the matter after deferral to the state anyway. Consequently, the charges were filed with the EEOC on June 22, 1973, even if deferral might have been to the wrong local authority,

and such filing was timely under § 2000e–5(e). (Emphasis added.)

*Discovery*

 The defendants originally asked that the Court issue an order staying the production of answers to plaintiff's interrogatories [Filing # 17]. This stay was requested since the defendant had filed these various motions and if the motions were granted the stay would save them wasted time, effort and money in answering these interrogatories. Since the Court believes that it must rule unfavorably to the defendants, there is no reason why the discovery in this case should not continue. However, the Court notes that plaintiff's interrogatories are extensive and complex and therefore sees no reason why the defendants should not have within thirty (30) days to answer.

IT IS THEREFORE ORDERED THAT:

1. Defendants' motion to dismiss the complaint or in the alternative for summary judgment is denied.

2. Defendant shall file answers to plaintiff's first set of interrogatories within thirty (30) days of the date of this order.