**Jerome HARRIS, Appellant,**

v.

**NORFOLK & WESTERN RAILWAY COMPANY, Appellee.**

No. 79–1587.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 17, 1980.

Decided March 11, 1980.

Rehearing and Rehearing En Banc Denied April 14, 1980.

Frank P. Wolff, Jr., Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo. (argued), and Timothy L. Stalnaker, St. Louis, Mo., on brief, for appellant.

Stephen M. Schoenbeck, Schoenbeck, Tucker & Schoenbeck, St. Louis, Mo., for appellee.

Before GIBSON, Senior Circuit Judge, and ROSS and HENLEY, Circuit Judges.

HENLEY, Circuit Judge.

This is a racial discrimination in employment case brought by a black employee, Jerome Harris, against his corporate employer, Norfolk & Western Railway Company, hereinafter called the Railroad. Plaintiff was discharged in 1972 after a disciplinary episode. He had been employed by the Railroad as a carman's helper, and at about the time of his discharge the Railroad had furloughed a number of carmen's helpers on account of lack of business. The probabilities are that had plaintiff not been discharged he would have been furloughed along with other carmen's helpers.

Plaintiff, proceeding under the provisions of the relevant collective bargaining agreement in force at the time and under the provisions of the National Railway Labor Act, 45 U.S.C. § 151 et seq., filed a grievance, and the case ultimately reached the National Railroad Adjustment Board, 45 U.S.C. § 153. The Board ruled in favor of the plaintiff and directed that he be reinstated in employment. The Railroad complied with the Board's order in the sense that plaintiff was restored to the Railroad's roster of employees with appropriate seniority but was placed in a furlough status, which means that prior to the filing of this suit he had not worked and had not been paid for hours of work.

After plaintiff was furloughed by the Railroad, apparently in May, 1976, he filed a racial discrimination charge with the Equal Employment Opportunity Commission under the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. At length plaintiff received a "right to sue" letter from the Commission, and he commenced this action in the district court on January 5, 1979.

Jurisdiction of the district court was predicated on § 706(f) and (g) of the 1964 statute, 42 U.S.C. § 2000e–5(f) and (g), and on the provisions of the old Civil Rights Acts of 1866 and 1870 which are now codified as 42 U.S.C. § 1981. That statute must be read in connection with the jurisdictional grant appearing as 28 U.S.C. § 1343(3). Plaintiff sought declaratory and injunctive relief, compensatory damages, and a reasonable attorney's fee.

The Railroad answered and denied liability. Affirmatively, the defendant contended that both of the claims of plaintiff were barred by applicable statutes of limitations. In due course the defendant moved for summary judgment under Fed.R.Civ.P. 56(b), and the motion was opposed by the plaintiff.

On June 25, 1979 the district court (The Honorable John F. Nangle, District Judge), sustained the defense motion and entered an order granting summary judgment in favor of the Railroad. Notice of appeal was duly filed.

As far as defendant's pleas of limitations are concerned, there is no dispute about controlling facts, and summary disposition of those claims was appropriate.

I.

We take up, first, the claim of limitations as applied to the § 1981 claim. That section and § 1982 were obviously designed primarily to place black persons on an equal footing with whites as far as legal rights and privileges are concerned. And it is now settled that they protect blacks and members of other minority groups from discrimination on account of race, color, religion or national origin, including, in general, discrimination by private entities or persons. See, e. g., Tillman v. Wheaton-Haven Recreation Association, 410 U.S. 431, 93 S.Ct. 1090, 35 L.Ed.2d 403 (1973); Sullivan v. Little Hunting Park, Inc., 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969); and Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968).

The Civil Rights Act of 1866, as reenacted later after the adoption of the fourteenth amendment to the Constitution, *Jones v. Alfred H. Mayer Co., supra,* 392 U.S. at 436–37, 88 S.Ct. at 2201–2202, did not contain any limitations provision; nor is any period of limitations contained in 28 U.S.C. § 1343.

■ In such circumstances the federal courts in civil rights cases involving 42 U.S.C. §§ 1981, 1982 and 1983 apply the state statute of limitations that appears to be most appropriate. *See Greene v. Carter Carburetor Co.,* 532 F.2d 125, 127–28 (8th Cir. 1976); *Green v. McDonnell Douglas Corp.,* 463 F.2d 337, 340 (8th Cir. 1972), *rev'd on other grounds, McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1978).

■ Here, the applicable limitations period was five years from accrual of plaintiff's cause of action. V.A.M.S. § 516.120. *Greene v. Carter Carburetor Co., supra,* and *Green v. McDonnell Douglas Corp., supra.* The district court correctly so held. And the district court also held correctly that the statute of limitations as to plaintiff's § 1981 claim was not tolled during the period in which his Title VII claim was pending before the EEOC. *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

The discriminatory discharge took place in 1972, and the suit was not filed until 1979. Hence, the § 1981 claim was barred by V.A.M.S. § 516.120.

## II.

We turn now to the question of whether plaintiff's Title VII claim was barred by the limitations provisions appearing in pertinent subdivisions of § 706 of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e–5. Under that section of the Act, plaintiff was required to file his complaint with the Commission within 180 days after the discrimination of which he complained

and was required to file his suit within 90 days after he received his right to sue letter. *See Wells v. Sherwood Medical Industries, Inc.,* 549 F.2d 1170, 1171 (8th Cir. 1977), including n. 1, and cases cited.

Here, there is no question that the claim with EEOC was not filed within the basic 180 day period from the date of plaintiff's discharge. Apparently, the Railroad does not contend that the suit itself was not timely filed within the allowed 90 day period after the issuance of the right to sue letter.

■ That the time limitations appearing in the Act are jurisdictional is clear. *International Union of Electrical etc. Workers v. Robbins & Myers, Inc.,* 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976); *Johnson v. Railway Express Agency, Inc., supra; Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *Wells v. Sherwood Medical Industries, Inc., supra.* Plaintiff contends, however, that the 180 day period prescribed by the Act should be tolled during the pendency of his proceeding before the Railroad Adjustment Board. If plaintiff is correct, then his proceeding under Title VII was timely; otherwise it was not.

■ The cases just cited, including notably *Gardner-Denver,* make it clear that a person who is a victim of racial discrimination in employment in violation of Title VII and which discrimination may violate an employer-labor union collective bargaining agreement has, at least initially, two remedies. He may proceed under the statute; he may proceed under the collective bargaining agreement; or, he may proceed under both.[1]

In *International Union of Electrical etc. Workers v. Robbins & Myers, Inc., supra,* a majority of the Supreme Court held that pursuit of a collective bargaining grievance procedure within the context of employment discrimination does not toll the limita-

---

1. A question can arise as to whether an employee who has pursued one remedy to an unsuccessful conclusion can start over again and pursue the other. A majority of a panel of this court answered that question in the negative in *Barrentine v. Arkansas-Best Freight System,* 615 F.2d 1194 (8th Cir. 1980).

tions provisions appearing in the Civil Rights Act of 1964.

Counsel for plaintiff earnestly contend, however, that in the context of railroad employment *Robbins & Myers* should not be applied retroactively so as to hold that the running of the statute of limitations with respect to a Title VII claim is not tolled by proceedings before the Railroad Adjustment Board.

As stated, plaintiff lost his job initially in 1972, and *Robbins & Myers* was decided on December 20, 1976. During the interim, plaintiff's complaint was pending before the Railroad Adjustment Board.

Plaintiff argues on the strength of *Andrews v. Louisville & Nashville R.R.*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972), which expressly overruled *Moore v. Illinois Central R.R.*, 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089 (1941), that he justifiably felt that he was required to take his complaint to the Railroad Adjustment Board before proceeding under the Civil Rights Act of 1964, and that it would be highly inequitable to hold his claim barred by Title VII limitations periods.

■ This argument based on the *Andrews* case and on the similar case of *Dorsey v. Chesapeake & Ohio Ry.*, 476 F.2d 243 (4th Cir. 1973), was specifically considered and rejected by Judge Nangle. He said:

> In those cases, the bases of the plaintiffs' complaints were rooted in the collective bargaining agreement, and thus compliance with the grievance and arbitration provisions of the Railway Labor Act was required. As the Court made clear in *Robbins & Myers, Inc., supra*, however, Title VII claims are independent of other remedies available to employees. Thus, this Court concludes that *Robbins & Myers, Inc., supra*, is controlling and that plaintiff's Title VII claim is barred for failure to file charges with the Equal Employment Opportunity Commission within the statutory time period.

We find ourselves in agreement with the district court, and we do not labor the matter. The judgment of the district court is affirmed.

ROSS, Circuit Judge, dissenting.

I dissent from the majority opinion holding that plaintiff's Title VII and 42 U.S.C. § 1981 claims were not tolled by proceedings before the Railroad Adjustment Board.

When Jerome Harris was discharged in 1972, he timely filed a grievance under the terms of the Railway Labor Act, 45 U.S.C. § 151 *et seq.* This action was consistent with the Supreme Court's direction in *Andrews v. Louisville & Nashville Railroad*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972) requiring exhaustion of plaintiff's administrative remedies under the Railway Labor Act before bringing suit in federal court. "The term 'exhaustion of administrative remedies' in its broader sense may be an entirely appropriate description of the *obligation* of both the employee and carrier under the Railway Labor Act to resort to dispute settlement procedures provided by that Act." *Id.* at 325, 92 S.Ct. at 1565 (emphasis added). The Court then recognized a distinction between remedies under the Act (statutory) and those available in collective bargaining agreements (contractual) under section 301 of the Labor Management Relations Act.

> [S]ince the compulsory character of the administrative remedy provided by the Railway Labor Act for disputes such as that between petitioner and respondent stems not from any contractual undertaking between the parties but from the Act itself, the case for insisting on resort to those remedies is if anything stronger in cases arising under the Act than it is in cases arising under § 301 of the LMRA.

*Id.* at 323, 92 S.Ct. at 1565.

When the Court in *International Union of Electrical etc. Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976) held that procedures under a collective bargaining contract did not toll the time period for filing a charge of employment discrimination, the Court again referred to the distinction between the available remedies: "[T]he contractual rights under a collective-bargaining agreement and the statutory right provided by

Congress under Title VII 'have legally independent origins and are equally available to the aggrieved employee,' \* \* \*." *Id.* at 236, 97 S.Ct. at 447.

In the present case, Harris did not have a contractual right which he chose to pursue over a statutory claim. Rather, in compliance with the mandated statutory procedure, he excluded all other claims subject to exhaustion of his administrative remedies under the Railway Labor Act. Having so complied with such mandated statutory procedure, he should not now be told his compliance conflicts with his use of other statutory remedies.