861 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Morris MAY, Plaintiff-Appellant,
v.
J-5 SATELLITE EARTH STATIONS; James B. Tyner; Dick Pike,
Defendants- Appellees.
 No. 88-3649.
 United States Court of Appeals, Sixth Circuit.
 Nov. 9, 1988.
 
 1
 Before WELLFORD and BOGGS, Circuit Judges, and CHARLES R. SIMPSON, III, District Judge.*
 
 ORDER
 
 2
 Plaintiff May moves to expedite the appeal, vacate the judgment, and remand this appeal from the district court's judgment dismissing this civil rights case. 42 U.S.C. Secs. 1981, 1982, 1983, and 1985(3). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 May is a prolific litigant. The defendants in this case are a television satellite company and two of its employees. May alleges that the defendants breached an employment contract with him and that they libeled and slandered him. May requested $575,000.00 in compensatory and punitive damages.
 
 
 4
 Acting on its own initiative, the district court dismissed the case as frivolous under 28 U.S.C. Sec. 1915(d). The court held that May could not state a Sec. 1981 or Sec. 1982 claim because he did not allege any discriminatory basis for his cause of action. See Harris v. Norfolk & Western Ry., 616 F.2d 377, 378 (8th Cir.1980). The court held that May could not state a Sec. 1983 claim because the defendants did not act under color of state law. See Parratt v. Taylor, 451 U.S. 527, 535 (1981). Finally, the court held that May could not state a Sec. 1985(3) claim because he did not allege a conspiracy among the defendants.
 
 
 5
 We agree with these conclusions of the district court. We also hold that May did not state a Sec. 1985(3) claim because he did not allege that the defendants acted with an intent to deny the equal protection of the law. See Kush v. Rutledge, 460 U.S. 719, 725-26 (1983). Accordingly, the motion to expedite, vacate, and remand is denied. The judgment of the district court is affirmed under Rule 9(b)(4), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles R. Simpson, III, U.S. District Judge for the Western District of Kentucky, sitting by designation